UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE PASCAL,<br><br>    Plaintiff,<br><br>    v.<br><br>CONCENTRA, INC.,<br><br>    Defendant. | Case No. 19-cv-02559-JCS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND TO STRIKE**<br><br>Re: Dkt. No. 13 |

## I.    INTRODUCTION

Plaintiff Lawrence Pascal brings a putative class action against Defendant Concentra, Inc. ("Concentra") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Presently before the Court is Concentra's Motion to Dismiss and to Strike ("Motion"). The Court finds that the Motion can be decided without a hearing and therefore vacates the Motion hearing set for August 30, 2019 at 9:30 pursuant to Civil Local Rule 7-1(b). The Case Management Conference set for the same date will be moved from 9:30 a.m. to 2:00 p.m. on August 30, 2019. For the reasons stated below, the Motion is GRANTED in part and DENIED in part.[1]

## II.    BACKGROUND

In the First Amended Complaint, Pascal alleges that Concentra is a nationwide provider of physical therapy services, that it is incorporated in Delaware and has its principal place of business in West Addison, Texas. First Amended Complaint ("FAC") ¶¶ 2, 10. Pascal alleges that Concentra sent out a text message for the purposes of recruiting physical therapists. *Id*. ¶ 3. In particular, Pascal alleges that on May 13, 2019 at 7:55 p.m., he received a text message from

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

Concentra stating as follows:

> Are you looking for a new career? Concentra is inviting physical therapists to interview for o/p ortho positions across CA and offering up to $10k in incentives for select locations. Grow your skills with opps for leadership, manual therapy cert. and student teaching. Let's talk today! Test STOP to end.

FAC ¶ 18. Pascal alleges he did not consent to receive the message. *Id.* ¶ 19. Pascal alleges that the message was "spam" sent by Concentra using "technological equipment [designed] to spam consumers' cell phones." *Id.* ¶¶ 5-6.

In the FAC, Pascal asserts a claim for violation of 47 U.S.C. § 227 on behalf of himself and a putative class under Rule 23 of the Federal Rules of Civil Procedure of all individuals in the United States who have received text messages from Concentra in the last four years where the message was sent using an automatic telephone dialing system and the recipients did not consent to receive the text messages. *Id.* ¶¶ 20-34. In the Prayer, he seeks, *inter alia*, injunctive relief, actual damages and/or statutory fines, and reasonable attorneys' fees and costs.

In the Motion, Concentra asks the Court to dismiss Pascal's complaint on the basis that he has not adequately alleged that Concentra used an Automatic Telephone Dialing System ("ATDS") and therefore, that he fails to state a claim under the TCPA. Motion at 3-4. It further contends the request for attorneys' fees should be dismissed or stricken from the complaint because the TCPA does not provide for an award of attorneys' fees to a prevailing party. *Id.* at 4. Finally, Concentra argues that the nationwide class definition must be stricken because there is no jurisdiction over class members who reside outside of California under the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior* Court, 137 S. Ct. 1773 (2017). *Id.* at 4-11.

**III.   ANALYSIS**

    **A.   Legal Standards**

        **1.   Rule 12(b)(6)**

A complaint may be dismissed for failure to state a claim on which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a claimant's burden at the pleading stage

2

is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that a "pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12(b)(6), the court takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A pleading must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Rather, the claim must be "'plausible on its face,'" meaning that the claimant must plead sufficient factual allegations to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).

### 2. Rule 12(b)(2)

A party may move for dismissal under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. The plaintiff bears the burden of establishing personal jurisdiction over the defendant. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). "Where, as here, the motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts.'" *Id.* (quoting *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). "Although the plaintiff cannot simply rest on the bare allegations of its complaint, . . . uncontroverted allegations in the complaint must be

3

taken as true." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (internal quotation marks omitted). "Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.*

### 3. Rule 12(f)

Rule 12(f) of the Federal Rules of Civil Procedure provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993) (quotation marks, citation, and first alteration omitted), rev'd on other grounds by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010). Rather, such claims should be addressed under Rule 12(b)(6) or on summary judgment. *Id.*

### B. Whether Plaintiff Has Adequately Alleged that an ATDS Was Used

The TCPA provides that "[i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service. . ." 47 U.S.C. § 227(b)(1)(A)(iii). It applies to text messages as well as telephone calls. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir.2009). To prevail on a claim for violation of the TCPA, a plaintiff must show that (1) the defendant called (or sent a text message to) a telephone number; (2) using an ATDS; (3) without the recipient's prior express consent. *Meyer v. Portfolio Recovery Assoc., LLC*, 707 F.3d 1036, 1043 (9th Cir.2012). Here, Concentra challenges the sufficiency of Plaintiff's allegations only as to the second element, the use of an ATDS.

An ATDS is "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such

4

numbers." 47 U.S.C. § 227(a)(1). "To assess whether the use of an ATDS has been sufficiently pled, courts have found the following allegations to be instructive: the use of a machine with the capacity to store or produce random telephone numbers, the text message was sent en masse, the appearance of a form message, the message requests the recipient to send a 'YES' response, the message can be interpreted as generic or impersonal, and the message was sent from an SMS short code." *Harnish v. Frankly Co.*, No. 5:14-CV-02321-EJD, 2015 WL 1064442, at *3 (N.D. Cal. Mar. 11, 2015) (citing *Meyer v. Bebe Stores, Inc.*, 2015 WL 431148, at *4 (N.D.Cal. Feb. 2, 2015) (Gonzalez Rogers, J.) (collecting cases); *In re Jiffy Lube Int'l, Inc., Text Spam Litig.*, 847 F.Supp.2d 1253, 1260 (S.D.Cal.2012)). "[C]ourts may rely on details about the call to infer the use of an ATDS" because they "recognize 'the difficulty a plaintiff faces in knowing the type of calling system used without the benefit of discovery.'" *Id.* (quoting *Knutson v. Reply!, Inc.*, 2011 WL 1447756, at *1 (S.D. Cal. Apr. 13, 2011)). Here, the FAC includes the content of the text message Plaintiff received, which is generic and ends with the instruction to "text STOP to end." These factual allegations are sufficient to raise a plausible inference that the text message allegedly sent to Plaintiff by Concentra was sent using an ATDS because they go beyond merely reciting the definition of an ATDS.

Concentra's assertion that "[n]early identical allegations have recently been rejected in the Northern District of California" is not supported by the cases it cites. In most of the cases Concentra cites, few or no specific facts were alleged to support the allegation that an ATDS was used; in some, facts were alleged that made use of an ATDS *implausible*. *See Naiman v. Freedom Forever*, LLC, No. 19-cv-00256-JSC, 2019 U.S. Dist. LEXIS 69728, *2 (N.D. Cal. Apr. 24, 2019)(holding that use of ATDS was not sufficiently alleged where plaintiff alleged only that he had received multiple calls on his cell phone from defendants and that they used an ATDS, but including no factual allegations "giving rise to an inference that the calls were made using an ATDS (i.e., that the manner of the calls indicated that they were random or impersonal."); *Bodie v. Lyft*, No. 16-cv-02558, 2019 U.S. Dist. LEXIS 9800, *5 (S.D. Cal. Jan. 16, 2019) (holding that use of ATDS was not sufficiently alleged where the plaintiff alleged that he received two text messages, one of which instructed him to download the Lyft app onto his cell phone and the other

5

including a link to download the app, and where he further alleged that the Defendant used an ATDS, finding that there were no facts alleged that raised a plausible inference that an ATDS had been used); *Ewing v. GoNow Travel Club*, LLC, No. 19-cv-297, 2019 U.S. Dist. LEXIS 120969, *4 (S.D. Cal. July 19, 2019)(holding that use of ATDS was not sufficiently alleged as to one of two defendants because although the plaintiff had alleged facts raising a plausible inference that he had received "robocalls," he had not alleged any facts linking that particular defendant with the robocalls); *Freidman v. Massage Envy Franchising*, LLC, No. 3:12-cv- 02962-L-RBB, 2013 U.S. Dist. LEXIS 84250, at *6 (S.D. Cal. June 13, 2013) (holding that use of ATDS was not sufficiently alleged where plaintiffs received impersonal text messages but court found that the messages "differ[ed] enough to make it appear as if an ATDS was not utilized"); *Engman v. Nationstar Mortg. LLC*, No. 15-CV-01142-AJB-JLB, 2015 U.S. Dist. LEXIS 182309, *4 (S.D. Cal. Dec. 4, 2015);  (dismissing complaint because plaintiff failed to file an opposition to defendant's motion to dismiss and also finding that use of ATDS was insufficiently alleged where plaintiff alleged only that defendant called his cell phone several times using an ATDS but "provide[d] no facts at all from which Defendant or the Court may discern how or whether an ATDS was actually used"); *Ibey v. Taco Bell Corp.*, No. 12-CV-0583-H (WVG), 2012 U.S. Dist. LEXIS 91030, *9 (S.D. Cal. June 18, 2012) (holding that use of ATDS was not sufficiently alleged where there were no factual allegations regarding the technology used to send the single text message upon which the claim was based and the text message at issue "did not appear to be random but in direct response to Plaintiff's message," making it unlikely that an ATDS was used); *Weisberg v. Stripe, Inc.*, No. 16-CV-00584-JST, 2016 U.S. Dist. LEXIS 96794, *5 (N.D. Cal. July 25, 2016) (holding that use of ATDS was not sufficiently alleged because the plaintiff's own allegations "suggest[ed] direct targeting that is inconsistent with the sort of random or sequential number generation required for an ATDS"); *Huricks v. Shopkick, Inc.*, No. C-14-2464 MMC, 2014 U.S. Dist.LEXIS 101521, *6 (N.D. Cal. July 24, 2014) (holding that use of ATDS was not sufficiently alleged where plaintiffs alleged they received text messages without their consent but only recited the definition of an ATDS and alleged no specific facts supporting a plausible inference that an ATDS was used).

The Court finds that Plaintiff has sufficiently alleged use of an ATDS and therefore declines to dismiss Plaintiff's TCPA claim on that basis.

### C. Whether the Prayer for Attorneys' Fees Should Be Stricken or Dismissed

It is undisputed that attorneys' fees are unavailable under the TCPA and Plaintiff has pointed to no source of authority that would allow him to recover attorneys' fees in this action. It is improper to strike a claim for damages under Rule 12(f) on the basis that such damages are unavailable. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d at 974–75. Rather, the Court dismisses Plaintiff's claim for attorneys' fees under Rule 12(b)(6). *See Opperwall v. State Farm Fire and Casualty Co.*, No. 17-cv-7983, 2018 WL 1243085, at *5 (N.D. Cal. Mar. 9, 2018) (dismissing prayer for punitive damages under Rule 12(b)(6) on the basis that they were unavailable on facts pled).

### D. Whether the Class Allegations Should be Dismissed

Defendant contends that to the extent Plaintiff's claim survives, the class allegations should be dismissed to the extent he seeks to include in the class individuals who are not California residents. In particular, Defendant argues that the Court does not have personal jurisdiction over the claims of non-California residents, citing *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017). The Court disagrees.

California's long-arm statute permits the exercise of personal jurisdiction to the maximum extent permitted under the Due Process Clause of the Constitution. Cal. Civ. Proc. Code § 410.10. The Due Process Clause requires that the defendant have "minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). Those contacts may give rise to either general or specific jurisdiction. *See Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). The Supreme Court has explained that "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v.*

*Brown*, 564 U.S. 915, 919 (2011) (citing *Int'l Shoe*, 326 U.S. at 317). On the other hand, "[s]pecific jurisdiction . . . depends on an 'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id*. (alteration in original; citation omitted). Thus, "[i]n contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id*. (citation and internal quotation marks omitted).

In *Bristol-Myers*, the Supreme Court concluded that a California state court lacked personal jurisdiction over the defendant corporation with respect to claims asserted against it by nonresidents in a mass action tort suit, reversing the holding of the California Supreme Court that there was specific jurisdiction over the claims of the nonresident plaintiffs. 137 S.Ct. at 1781–82. There, more than 600 plaintiffs, the majority of whom were not California residents, filed claims in California state court based on injuries allegedly caused by the prescription drug Plavix, sold by Bristol–Myers Squibb Company ("BMS"). *Id*. at 1777–78. The California court did not have general jurisdiction over BMS because it was incorporated in Delaware and had its principal place of business in New York. *See id*. at 1777–78. The question was whether it could exercise specific jurisdiction over the claims of the nonresident plaintiffs. The Supreme Court found that it could not. *Id*. at 1782. The Court's holding was based on the Fourteenth Amendment Due Process Clause and the limits it places on the coercive power of the State. *Id*. at 1779 (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011)). The Court left "open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." *Id*. at 1783-1784.

In *Sloan v. Gen. Motors LLC*, the court found that "the due process analysis encompasses the question of state sovereignty, but . . . [it] differs fundamentally when a case is pending in federal court and no such concerns are raised." 287 F. Supp. 3d 840, 858 (N.D. Cal. 2018), order clarified, No. 16-CV-07244-EMC, 2018 WL 1156607 (N.D. Cal. Mar. 5, 2018) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, n. 10, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) (citations omitted)). In reaching this conclusion, the court relied on the

8

following passage from the Supreme Court's decision in *Insurance Corp. of Ireland*:

> [i]t is true that we have stated that the requirement of personal jurisdiction, as applied to state courts, reflects an element of federalism and the character of state sovereignty vis-à-vis other States. [...] The restriction on state sovereignty power ... however, must be seen as ultimately a function of the individual liberty interest preserved by the Due Process Clause. That Clause is the only source of the personal jurisdiction requirement and the Clause itself makes no mention of federalism concerns.

*Id*. (quoting 456 U.S. at 702 n. 10). Based on that reasoning, the court in *Sloan* concluded that the holding in *Bristol-Myers* does not apply to cases pending in federal court where the plaintiff's claims are based on a federal statute. *Id*. at 859. The court explained:

> In contrast to *Bristol–Myers*, the due process right does not obtain here in the same manner because all federal courts, regardless of where they sit, represent the same federal sovereign, not the sovereignty of a foreign state government. There is no risk of a state court exceeding the bounds of its state's sovereignty and subjecting residents of another state to the coercing power of its courts. Therefore, where a federal court presides over litigation involving a federal question, the due process analysis does not incorporate the interstate sovereignty concerns that animated *Bristol–Myers* and which may be "decisive" in a state court's analysis. *Id.* Without those interstate federalism concerns, the due process analysis falls back on whether "the maintenance of the suit . . . offend[s] 'traditional notions of fair play and substantial justice,'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (citation omitted), which itself focuses on the burden on the defendant (other than a concern about subjecting it to the power of a foreign sovereign).

*Id*. The undersigned finds the reasoning in *Sloan* to be persuasive and therefore concludes that *Bristol-Myers* does not apply in this case because Plaintiff asserts his claim in a federal court and under federal law.

The Court further concludes that *Bristol-Myers* does not apply to class actions under Rule 23 for the reasons set forth in *Allen v. ConAgra Foods, Inc.*, No. 3:13-CV-01279-WHO, 2018 WL 6460451 (N.D. Cal. Dec. 10, 2018). In that case, the court acknowledged that there is a split of authority as to whether *Bristol-Myers* applies to class actions, but found more persuasive the decisions of courts that have found that *Bristol-Myers* does not apply to class actions. *Id*. at *7. The court reasoned as follows:

> I . . . conclude that *Bristol–Myers* does not require a personal jurisdiction inquiry for absent class members. Most importantly, the

9

> Supreme Court noted in its decision that "settled principles regarding specific jurisdiction control[led]." *Bristol–Myers*, 137 S.Ct. at 1781. The decision overturned no Ninth Circuit law. *See Sloan*, 287 F.Supp.3d at 854 ("Defendant has not identified a single Ninth Circuit case overturned by *Bristol–Myers*."). Prior to *Bristol–Myers*, there would have been no basis for ConAgra to mount a due process challenge against the nonresident absent class members as it does here. *See Al Haj*, 2018 WL 3707561 at *1, 338 F.Supp.3d 815. I agree with the court in *Al Haj* that the Court could not have intended, in a sideways manner, to so drastically alter class action plaintiffs' ability to choose their forum. *See id*. at *2. In addition, functional differences set class actions apart; the plaintiffs here must meet the Rule 23 requirements of numerosity, commonality of law or fact, typicality of claims or defenses, and adequacy of representation in order to achieve certification. See Fed. R. Civ. P. 23; *In re Chinese-Manufactured Drywall*, 2017 WL 5971622, at *14 (noting that "a class action has different due process safeguards" than a mass action). Personal jurisdiction is rooted in fairness to the defendant, and Rule 23 provides significant safeguards to that end.

*Id*. at *7. The undersigned finds the reasoning of *Allen v. ConAgra Foods, Inc.* to be persuasive. Therefore, because Plaintiff seeks to assert his claim on behalf of a Rule 23 class, *Bristol-Myers* does not apply in this case for this reason as well.

Accordingly, the Court declines to dismiss the class allegations to the extent the class definition includes non-California members.

## IV. CONCLUSION

For the reasons set forth above, the Motion is GRANTED as to Plaintiff's prayer for attorneys' fees, which is dismissed under Rule 12(b)(6). The Motion is DENIED in all other respects.

**IT IS SO ORDERED.**

Dated: August 20, 2019

JOSEPH C. SPERO
Chief Magistrate Judge

10