Mark L. Javitch (CA SBN 323729)
Javitch Law Office
480 S. Ellsworth Ave
San Mateo, CA 94401
Telephone: 650-781-8000
Facsimile: 650-648-0705
mark@javitchlawoffice.com
*Attorney for Plaintiff*
and those similarly situated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| LAWRENCE PASCAL, individually and on behalf of all others similarly situated <br><br> Plaintiff, <br><br> vs. <br><br> CONCENTRA, INC. <br><br> Defendant. | Case Number: 3:19-cv-02559-JCS <br><br> Hon. Joseph C. Spero <br><br> **OPPOSITION TO DEFENDANT'S MOTION TO STAY** (Dkt. 26-1) <br><br> Hearing Date: November 1, 2019 <br> Time: 9:30 a.m. <br> Courtroom G, 15th Floor <br><br> Complaint Filed: May 13, 2019 <br> Amended Comp. Filed: June 17, 2019 |

OPP. TO DEFENDANTS' MOTION TO STAY          CASE NO.: 3:19-cv-02559-JCS

Page i

Plaintiff Lawrence Pascal respectfully submits the following Memorandum of Points and Authorities in opposition to the Motion to Stay filed by Defendant Concentra, Inc. (Dkt. 26-1) ("Concentra's Motion to Stay").

**STATEMENT OF ISSUES TO BE DECIDED**

1.    Whether the Court should grant Defendant's request to stay this case under the primary jurisdiction doctrine.

2.    Whether the Court should grant Defendant's request to stay this case under the Court's inherent jurisdiction.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.   **INTRODUCTION**

Defendant's motion to stay should be denied because pending FCC guidance will not assist the Court in interpreting the definition of automatic telephone dialing system ("ATDS"). In nearly three pages of discussion, this Court already applied the definition of ATDS to this case and found that an ATDS has been plausibly alleged.  (Dkt. 19, 4:15-7:2).

## FACTUAL BACKGROUND

Defendant Concentra sent mass text messages to recruit physical therapists. (First Amended Complaint, Dkt. 6, ¶ 17) ("FAC").   Defendant used technology that satisfies the definition of an ATDS.   (FAC, ¶ 30).  Defendant did not obtain express written consent from the recipients to send such messages prior to sending them. (FAC, ¶¶ 17, 29).

On May 13, 2019, Plaintiff filed suit seeking to represent the Class of people texted without consent.  (Dkt. 1).  On June 17, 2019, Plaintiff filed its First Amended Class Action Complaint ("FAC").  (Dkt. 6).  On July 26, 2019, Defendant filed a motion to dismiss and to strike the FAC.  On August 20, 2019, the Court denied Defendant's motions.  (Dkt. 19).  On September 24, 2019, Concentra filed this motion to stay.  (Dkt. 26-1).

## II.   **LEGAL STANDARD**

### A.   **Primary Jurisdiction Doctrine**

"The primary jurisdiction doctrine allows courts to stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008). This doctrine allows the Court to determine that "an otherwise cognizable claim implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry rather than by the judicial branch." *Id.* (citing *Syntek Semiconductor Co., Ltd. v. Microchip Tech. Inc.*, 307 F.3d 775, 780 (9th Cir.

OPP. TO DEFENDANTS' MOTION TO STAY          CASE NO.: <u>3:19-cv-02559-JCS</u>

Page 1

2002)). "[I]t is to be used only if a claim requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency, and if protection of the integrity of a regulatory scheme dictates preliminary resort to the agency which administers the scheme." *Id*. (internal quotations and citations omitted).

B.     **Court's Inherent Authority**

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254, (1936). To determine whether a *Landis* stay is warranted, courts consider: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). "[I]f there is even a fair possibility that the stay for which [the requesting party] prays will work damage to [someone] else," then the party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. A district court's decision to grant or deny a *Landis* stay is a matter of discretion. *Dependable Highway Express, Inc. v. Navigators Ins. Co*., 498 F.3d 1059, 1066 (9th Cir. 2007).

III.    **LEGAL ARGUMENT**

Under either the primary jurisdiction doctrine or the court's inherent authority, this Court should deny Defendant's motion to stay because (1) controlling Ninth Circuit authority already resolves the relevant question; and (2) given the existence of controlling authority, a stay will not simplify the issues in this case.

OPP. TO DEFENDANTS' MOTION TO STAY          CASE NO.: 3:19-cv-02559-JCS

Page 2

1

## A.  ATDS is Not a Matter of First Impression and Controlling Law Exists

Concentra argues that the primary jurisdiction doctrine should be invoked.  That argument centers on whether there is an issue that the court cannot resolve without future guidance from the FCC.  Defendant argues that forthcoming FCC guidance may be at odds with the state of the law in the Ninth Circuit.  (Dkt. 26-1, 13:15-23).

But as an initial matter, a date has not even been set for when the FCC will issue its pending order.  The FCC has only issued a Public Notice with respect to various issues, including some that may touch upon what constitutes an ATDS. However, "the FCC has not indicated whether it will pursue a formal rulemaking or some other proceeding following the collection of comments on this issue." *Gould v. Farmers Ins. Exch.*, Case No. 4:17 CV 2305 RWS, 2018 U.S. Dist. LEXIS 131508, at *4 (E.D. Mo. Aug. 6, 2018).  Defendant's "suggestion that a stay would be brief is therefore speculative." *Id.*

As the court in *Pieterson v. Wells Fargo Bank, N.A*., explained, in rejecting defendant's same argument, "the primary jurisdiction doctrine does not comfortably fit the circumstances of this case because the issues before the FCC are not ones of first impression and controlling or persuasive law already exists." Case No. 17-cv-02306-EDL, 2018 U.S. Dist. LEXIS 113125, 2018 WL 3241069, at *8-9 (N.D. Cal. July 2, 2018) (Laporte, J.).

This Court has already applied the definition of an ATDS to this case and found that an ATDS has been plausibly alleged.  (Dkt. 19, 4:15-7:2) ("Here, the FAC includes the content of the text message Plaintiff received, which is generic and ends with the instruction to 'text STOP to end.' These factual allegations are sufficient to raise a plausible inference that the text message allegedly sent to Plaintiff by Concentra was sent using an ATDS because they go beyond merely reciting the definition of an ATDS.")

OPP. TO DEFENDANTS' MOTION TO STAY          CASE NO.: <u>3:19-cv-02559-JCS</u>

Page 3

In a nearly identical motion to stay, Judge Haywood S. Gilliam, Jr. of the Oakland division of this court recently considered whether expected FCC guidance on the definition of ATDS supported a stay under the primary jurisdiction doctrine. *See Izor v. Abacus Data Sys.*, Case No. 19-cv-01057-HSG, 2019 U.S. Dist. LEXIS 130865, 2019 WL 3555110, at *7-9 (N.D. Cal. Aug. 5, 2019). In deciding against issuing a stay, Judge Gilliam, Jr. stated:

> The Court finds that the primary jurisdiction doctrine does not support a stay pending FCC guidance concerning what constitutes an ATDS. As Defendant notes in its motion, the FCC released a Public Notice seeking comment on the issue in May 2018. Mot. at 5. But the Ninth Circuit has since definitively answered the question. *Marks v. Crunch San Diego, LLC* held that the term ATDS "means equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)." 904 F.3d 1041, 1053 (9th Cir. 2018). *Marks* issued on September 20, 2018, months after the FCC began seeking public comments on the what constitutes an ATDS. *Marks* thus is controlling authority in the Ninth Circuit and is binding on the Court. And the Ninth Circuit's resolution of the issue without waiting for FCC guidance further demonstrates that the issue (1) is no longer a matter of first impression, and (2) is not "a particularly complicated issue" that merits waiting for FCC guidance. *See Brown v. MCI WorldCom Network Servs., Inc.*, 277 F.3d 1166, 1172 (9th Cir. 2002)

Like Defendant in *Izor*, Defendant here also argues that a stay is warranted because the FCC created "confusion" by seeking additional public comment after *Marks* was decided. (Dkt. 26-1, 12:1-16). But Judge Gilliam, Jr. explained, in rejecting Defendant's argument, that:

> since [the Post-*Marks* FCC Order], the Ninth Circuit has confirmed that *Marks* is the law of the Ninth Circuit. *See Duguid v. Facebook, Inc.*, 926 F.3d 1146, 1150 (9th Cir. 2019) (holding that the *Marks* "definition governs this appeal"). In essence, then, Defendant asks this Court to hold that the state of the law is so unclear that this case must await FCC guidance when the Ninth Circuit has repeatedly found otherwise. The Court declines that invitation and finds that primary jurisdiction does not support granting Defendant's request for a stay.

*Izor*, 2019 WL 3555110, at *8-9

In support of a stay, Defendant cites two cases from the Southern District of Florida that granted stays waiting for FCC guidance. (Dkt. 26-1, 12:6-16) (citing *Secure v. Ultimate*

*Fitness Group*, *LLC*, 1:18-cv-20483-FAM, 2019 U.S. Dist. LEXIS 45194, *2 (S.D. Fla. Mar. 18, 2019); *Buhr v. ADT Inc.*, Case No. 18-80605 (S.D. Fla. 2019). But Defendant's citations from the Eleventh Circuit are not especially persuasive because they are short orders or text entries.

These orders cannot serve as authority here because the definition of ATDS has already been conclusively established by the Ninth Circuit, thereby making no further FCC guidance necessary to interpret "ATDS.*" See Pieterson*, 2018 WL 3241069, at *3 (denying similar request for a stay, noting that the FCC's process "can take years," and often results in a "cycle of staying a case while an FCC order is pending only to have the FCC order challenged in court . . . demonstrating the real possibility of indefinite delay."); *Leyva v. Certified Grocers of California, Ltd*., 593 F.2d 857, 864 (9th Cir. 1979) ("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court.").

Courts in this circuit have denied motions to stay to await FCC guidance.  *See Jordan v. Nationstar Mortg.* LLC, Case No. 14-cv-00787-WHO, 2014 U.S. Dist. LEXIS 148844, at *39-40 (N.D. Cal. Oct. 20, 2014) ("The impact of such delay on the expedient resolution of disputes and the interest of providing certainty to the parties here and to others similarly situated outweigh any potential benefits of deferring to the FCC."); *Harnish v. Frankly Co*., Case No. 5:14-CV-02321-EJD, 2015 U.S. Dist. LEXIS 29982, 2015 WL 1064442, at *11 (N.D. Cal. Mar. 11, 2015) ("While the FCC may be currently considering petitions regarding the definition and scope of the ATDS, this is not an issue of first impression. The Ninth Circuit and district courts in this jurisdiction have already considered the definition of an ATDS and have allowed TCPA lawsuits to proceed."); *Soriano v. Stellar Recovery, Inc*., Case No. 2:13-cv-01967-RSM, 2014 U.S. Dist. LEXIS 144130, at *6 (W.D. Wash. Oct. 7, 2014)

OPP. TO DEFENDANTS' MOTION TO STAY          CASE NO.: <u>3:19-cv-02559-JCS</u>

("[i]nterpretation of the TCPA's statutory terms … is within the conventional policy experience of judges" and "[t]he… statutory interpretation questions [were] clearly not matters of first impression"); *Jordan*, 2014 U.S. Dist. LEXIS 148844, 2014 WL 5359000, at*8-10 (discussing ATDS definition and denying motion to stay); *Alvarado v. Bay Area Credit Serv.*, Case No. 14-cv-02549-SC, 2015 U.S. Dist. LEXIS 5646, 2015 WL 224950, at *2 (N.D. Cal. Jan. 16, 2015) (Conti, J.) (denying motion to stay because primary jurisdiction was not warranted); *McKenna v. WhisperText*, Case No. 5:14-cv-00424-PSG, 2014 U.S. Dist. LEXIS 138243, 2014 WL 4905629, at *4 (N.D. Cal. Sept. 29, 2014) (FCC's pending review of petitions seeking clarification on ATDS was not sufficient to warrant a stay).

Moreover, the definition of an ATDS does not involve a technical or policy consideration within the FCC's particular field of expertise since the Ninth Circuit has already stated that the statutory language is clear and unambiguous. *Harnish*, 2015 WL 1064442, at *11 (citing *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009)). Defendants' citations to non-binding cases do not demonstrate otherwise.  (Dkt 26-1, 14:18-15:21).

### B.  The Court should not stay the case under its inherent authority

#### i.   There would be prejudice to Plaintiff and the Class

Defendant argues there will be no damage to Plaintiff and the Class (Dkt. 26-1, 13-24), but the stay Defendant seeks runs a serious risk of being "essentially indefinite, since there is no clear indication that any FCC action is on the horizon." *See Larson v. Harman Mgmt. Corp.*, Case No. 1:16-cv-00219-DAD-SKO, 2018 U.S. Dist. LEXIS 208121, 2018 WL 6459964, at *4 (E.D. Cal. Dec. 10, 2018) (rejecting the same basis for a stay and explaining how a stay could "indefinitely delay resolution" of the case); *Edwards v. Oportun, Inc*., 193 F. Supp. 3d 1096, 1101 (N.D. Cal. 2016) (finding an indefinite stay presents a "fair possibility of

harm" to plaintiff); *Lathrop v. Uber Techs., Inc.*, Case No. 14-cv-05678-JST, 2016 U.S. Dist. LEXIS 2490, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016) (plaintiffs in putative class action may "suffer prejudice from a stay because the case would extend for an indeterminate length of time, increase the difficulty of reaching class members, and increase the risk that evidence will dissipate"). Given the possible indefiniteness of a stay, the first *Landis* factor counsels against granting a stay. *See Izor*, 2019 WL 3555110, at *10.

          ii.   There is not sufficient prejudice in being required to litigate

Given that Plaintiffs have demonstrated a "fair possibility" of harm that could result from an indefinite stay, Defendant was required under *Landis* to "make out a clear case of hardship or inequity in being required to go forward." *See Izor*, 2019 WL 3555110, at *10 (citing *Landis*, 299 U.S. at 254-55). Defendant has not provided sufficient reasons to make that clear showing. Although Defendant no doubt would prefer to delay litigation expenses, (Dkt. 26-1, 17:4-7) Defendant only asserts that it will suffer hardship in conducting discovery and trial preparation in light of the uncertain difference between 'potential' capacity and 'theoretical' capacity under the definition of ATDS." But Defendant does not explain how this issue will increase discovery costs.

The mere possibility of intervening law on a simple factual issue, particularly when the Ninth Circuit has already reaffirmed *Marks*, does not amount to a "*clear case* of hardship or inequity in being required to go forward." *See Landis*, 299 U.S. at 254-55 (emphasis added). And the notion that it would be inequitable for this case to proceed is undermined by both *Marks* and *Duguid*, as in each case the Ninth Circuit remanded for further proceedings, apparently anticipating that the cases would go forward. *See Izor*, 2019 WL 3555110, at *11 (citing *Marks*, 904 F.3d at 1053; *Duguid*, 926 F.3d at 1157).

OPP. TO DEFENDANTS' MOTION TO STAY       CASE NO.: <u>3:19-cv-02559-JCS</u>

Page 7

iii.   A stay would not enhance the orderly course of justice.

Defendant argues that the orderly course of justice would be enhanced because its technology may be exempted from liability in future FCC rulings.  (Dkt. 26-1, 18:1-10).  But as discussed above, the Court already found sufficient plausibility of an ATDS in its well-reasoned ruling denying Concentra's motion to dismiss. (Dkt. 19).   Accordingly, justice would not be enhanced by ignoring the Court's order.  Defendant's argument is that a future FCC order in conflict with *Marks* would be dispositive on this case. Dkt. (Dkt. 26-1, 18:1-10).

But as numerous district courts in this circuit have explained, *Marks* is binding authority and the orderly course of justice dictates adhering to such binding authority. *See Larson*, 2018 U.S. Dist. LEXIS 208121, 2018 WL 6459964 at *5 (citing *N.L. ex rel. Lemos v. Credit One Bank, N.A.*, Case No. 2:17-cv-01512-JAM-DB, 2018 U.S. Dist. LEXIS 191497, 2018 WL 5880796, at *1 (E.D. Cal. Nov. 8, 2018); *Shupe v. Capital One Bank USA NA*, Case No. CV-16-00571-TUC-JGZ, 2018 U.S. Dist. LEXIS 183456, 2018 WL 5298396, at *4 (D. Ariz. Oct. 25, 2018), appeal docketed, No. 18-17181 (9th Cir. Nov. 9, 2018); *Keifer v. HOSOPO Corp.*, Case No. 3:18-cv-1353-CAB-(KSC), 2018 U.S. Dist. LEXIS 183468, 2018 WL 5295011, at *1 (S.D. Cal. Oct. 25, 2018)). Thus, granting a stay here to extend a case indefinitely does not serve judicial economy.

As previous courts have recognized in denying motions to stay to wait for pending guidance, there is no guarantee that, even after the supposedly authoritative guidance is issued, the definition of ATDS will be any clearer than it is now and that the decision would go unchallenged. *See, e.g., Pedro-Salcedo v. Haagen-Dazs Shoppe Co., Inc.*, 2017 U.S. Dist. LEXIS 168532, 2017 WL 4536422, at *8 (N.D. Cal. Oct. 11, 2017) (declining to stay case pending opinion because of the inability to forecast when a final decision will be rendered, whether it will be dispositive of the case or even narrow the issues).

OPP. TO DEFENDANTS' MOTION TO STAY          CASE NO.: 3:19-cv-02559-JCS

Page 8

1

**IV.    CONCLUSION**

2

  For the foregoing reasons, Plaintiff respectfully requests that the Court DENY the

3

motion to stay filed by Concentra.

4

5

          Respectfully submitted,

6

7

Dated: October 8, 2019     By:  /s/ Mark L. Javitch  .

8

          Mark L. Javitch (SBN 323729)

9

          480 S. Ellsworth Ave.
          San Mateo CA 94401

10

          Tel: 650-781-8000

11

          Fax: 650-648-0705
          *Attorney for Plaintiff*

12

          and those similarly situated

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPP. TO DEFENDANTS' MOTION TO STAY   CASE NO.: 3:19-cv-02559-JCS

Page 9

1

## **CERTIFICATE OF SERVICE**

2

Filed electronically on this 8th day of October 2019, with the United States District Court for
3
the Northern District of California CM/ECF system.

4

Notification was therefore automatically sent through the CM/ECF system to:

5

United States District Court
Northern District of California
6
And all counsel of record as recorded on the electronic service list.

7

Esteban Morales Fabila
8
Mintz Levin Cohn Ferris Glovsky and Popeo PC
2029 Century Park East, Suite 3100
9
Los Angeles, CA 90067
310-586-3200
10
Email: emorales@mintz.com
*Attorney for Defendant Concentra, Inc.*
11

12

13                                    MARK L. JAVITCH

14                                    By:  /s/ Mark L. Javitch                 .

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPP. TO DEFENDANTS' MOTION TO STAY            CASE NO.: <u>3:19-cv-02559-JCS</u>

Page 10