Mark L. Javitch (CA SBN 323729)
Javitch Law Office
480 S. Ellsworth Ave
San Mateo, CA 94401
Telephone: 650-781-8000
Facsimile: 650-648-0705
mark@javitchlawoffice.com
*Attorney for Plaintiff* and the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LAWRENCE PASCAL, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>CONCENTRA, INC., a Delaware corporation<br>Defendant. | Case No.: 3:19-cv-02559-JCS<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**SECOND AMENDED CLASS ACTION COMPLAINT**

1. Plaintiff LAWRENCE PASCAL ("Plaintiff") brings this Second Amended Class Action Complaint and Demand for Jury Trial against Defendant CONCENTRA, INC (Defendant "Concentra") to stop its illegal practice of sending text messages to consumers' cell phones without their consent, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to itself and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

**NATURE OF THE ACTION**

2. Defendant Concentra is a nationwide provider of physical therapy services.

3. Defendant Concentra sent out a text message for the purposes of recruiting physical therapists.

4. Unfortunately, Defendant did not obtain consent prior to sending this text message and, therefore, is in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

5. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that abuse of such equipment was not only a nuisance and an invasion of privacy to consumers specifically but was also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

6. The TCPA targets unauthorized texts exactly like the ones alleged in this case, based on Defendant's use of technological equipment to spam consumers' cell phones.

7. By sending the text at issue, Defendant has violated the privacy and statutory rights of Plaintiff and the Class.

8. Plaintiff therefore seeks an injunction requiring Defendant to stop its unconsented texting, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

**PARTIES**

9. Plaintiff LAWRENCE PASCAL is a natural person and is a citizen of the Northern District of California.

10. Defendant CONCENTRA INC. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 5080 Spectrum Drive, Suite 1200 West Addison, Texas 75001.

**JURISDICTION AND VENUE**

11. This Court has federal subject matter jurisdiction under 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, which is a federal statute.

12. This Court has personal jurisdiction over Defendant because they conduct business in this District and in the State of California and because the events giving rise to this lawsuit occurred in this District.

13. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendant regularly conduct business in the State of California and in this District, and because the wrongful conduct giving rise to this case occurred in this District.

## COMMON FACTUAL ALLEGATIONS

14. Defendant Concentra, Inc. provides physical therapy services at clinics nationwide.

15. To increase its recruiting efforts, Defendant texted hundreds or possibly thousands of phones at once.

16. Unfortunately, Defendant failed to obtain consent from Plaintiff and the Class before sending the text messages.

## FACTS SPECIFIC TO PLAINTIFF LAWRENCE PASCAL

17. On May 13, 2019 at 7:55 a.m., Plaintiff received a text from Defendant Concentra and/or its agents from the phone number 650-201-7381.

18. The text message that Plaintiff received said "Are you looking for a new career? Concentra is inviting physical therapists to interview for o/p ortho positions across CA and offering up to $10k in incentives for select locations. Grow your skills with opps for leadership, manual therapy cert. and student teaching. Let's talk today! Text STOP to end."

**19.** Plaintiff never consented to receive text messages from Defendant.

## CLASS ALLEGATIONS

20. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **No Consent Class.** All persons in the United States who: (1) from May 13, 2015 to the present; (2) received at least one text message; (3) on his or her cellular telephone; (4) that was sent using an automatic telephone dialing system; (5) by or on behalf of Concentra, Inc.

21. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

22. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is apparent that individual joinder is impracticable. On information and belief, Defendant placed telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

23. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

24. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

25. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

26. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may

affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    i.      Whether Defendant's conduct violated the TCPA;

    ii.     Whether Defendant's conduct violated the TCPA *willingly* and/or *knowingly*;

    iii.    Whether Defendant texted thousands of cell phones;

    iv.    Whether Defendant obtained prior written consent prior to texting any members of the Class;

    v.     Whether members of the Class are entitled to treble damages based on the knowingness or willfulness of Defendant's conduct.

27.    **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

# CAUSE OF ACTION
## Violation of 47 U.S.C. § 227
### (On behalf of Plaintiff and the Class)

28.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

29.    Defendant and/or their agents sent text messages to Plaintiff's and the Class members' cellular telephones without having their prior express written consent to do so.

30.    Defendant used an automatic telephone dialing system as proscribed by 47 U.S.C. §227(b)(1)(A).

5

31. Defendant's calls were made for a commercial purpose.

32. As a result of its unlawful conduct, Defendant repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendant to stop their illegal calling campaign.

33. Defendant and/or its agent made the violating calls "*willfully*" and/or "*knowingly*" under 47 U.S.C. § 227(b)(3)(C).

34. If the court finds that Defendant *willfully* and/or *knowingly* violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff LAWRENCE PASCAL, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff LAWRENCE PASCAL as the Class representative and appointing Plaintiff's counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the TCPA;

C. An order declaring that Defendant's actions, as set out above, violate the TCPA *willfully* and *knowingly*;

D. An injunction requiring Defendant to cease all unlawful text messages without first obtaining the recipients' prior express written consent to receive such texts, and otherwise protecting interests of the Class;

E. An award of actual damages and/or statutory fines and penalties;

F. An award of reasonable attorneys' fees and costs; and

G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

| | |
|---|---|
| Dated: May 20, 2020 | Respectfully submitted,<br><br>LAWRENCE PASCAL, individually and on behalf of all others similarly situated,<br><br>By: /s/ Mark L. Javitch                .<br><br>Mark L. Javitch (California SBN 323729)<br>JAVITCH LAW OFFICE<br>480 S. Ellsworth Ave.<br>San Mateo CA 94401<br>Tel: 650-781-8000<br>Fax: 650-648-0705<br>mark@javitchlawoffice.com<br><br>By: /s/ Thomas A. Zimmerman<br>Thomas A. Zimmerman, Jr. (IL #6231944)<br>ZIMMERMAN LAW OFFICES, P.C.<br>77 W. Washington Street, Suite 1220<br>Chicago, Illinois 60602<br>Telephone: (312) 440-0020<br>Facsimile: (312) 440-4180<br>*tom@attorneyzim.com*<br>Admitted Pro Hac Vice<br><br>*Attorneys for Plaintiff and the Putative Class* |

7