UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE PASCAL,<br><br>       Plaintiff,<br><br>   v.<br><br>CONCENTRA, INC.,<br><br>       Defendant. | Case No. 19-cv-02559-JCS<br><br>**ORDER DENYING MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO FRCP RULE 12(b)(6), FOR A MORE DEFINITE STATEMENT PURSUANT TO FRCP RULE 12(e) AND TO STRIKE PURSUANT TO RULE 12(f)/23(c)(1)(A)**<br><br>Re: Dkt. No. 68 |

## I.   INTRODUCTION

Plaintiff Lawrence Pascal brings a putative class action against Defendant Concentra, Inc. ("Concentra") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Presently before the Court is Concentra's Motion to Dismiss Second Amended Complaint Pursuant to FRCP Rule 12(b)(6), for a More Definite Statement Pursuant to FRCP Rule 12(e) and to Strike Pursuant to Rule 12(f)/ 23(c)(1)(A) ("Motion"). The Court finds that the Motion can be decided without a hearing and therefore vacates the Motion hearing set for September 4, 2020 at 9:30 pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Motion is DENIED.[1]

## II.   BACKGROUND

Over a year ago, Concentra brought a motion to dismiss Plaintiff's First Amended Complaint ("FAC"). *See* Dkt No. 13. On August 20, 2019, the Court granted the motion as to Concentra's request for attorneys' fees but rejected Concentra's other challenges, finding that

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

Plaintiff stated a viable claim under the TCPA and declining to strike from the class definition individuals who do not reside in California. Dkt. No. 19. Concentra filed an answer to the FAC on September 3, 2019. Dkt. No. 24. Discovery commenced and is ongoing.

On May 20, 2020, the Court granted a stipulation allowing Plaintiff to file a Second Amended Complaint ("SAC") so that Plaintiff could amend the class definition to: 1) strike from the class definition the phrase "for the purpose of promoting Defendant's services;" and 2) strike the language related to consent to address the concern that the class definition could be considered a failsafe class. Dkt. No. 59. Consistent with the stipulation, the SAC is identical to the FAC except for these two changes to the class definition. Dkt. No. 60 (SAC).[2]

On May 22, 2020, Concentra stated in the parties' joint case management conference statement that it "anticipate[d] filing a motion to disqualify plaintiff, a motion to disqualify plaintiff's counsel, and a motion for summary judgment." Dkt. No. 63. It made no mention, however, of its intention to bring a motion to dismiss the SAC. Nonetheless, on June 19, 2020, Concentra filed the instant Motion.

While styled as challenges to the sufficiency of the pleadings brought under Rule 12, the Motion is based in large part on evidence that Concentra asks the Court to consider in evaluating the adequacy of Plaintiff's TCPA claim. In particular, Concentra asks the Court to consider evidence it contends shows that Plaintiff's wife is a licensed therapist who consented to receive texts about potential employment opportunities at the telephone number where Plaintiff received the text that is the basis for his TCPA claim. Based on that text, Concentra argues that the Court should dismiss the TCPA claim under Rule 12(b)(6) or order Plaintiff to provide a more definite statement under Rule 12(e) to include allegations about his wife's consent.

Concentra also asks the court to strike the class allegations under Rule 12(f) because Plaintiff is not typical of the class he represents (because he has actual knowledge that his wife consented to receive the text, according to Concentra) and would be an inadequate class representative. Concentra further contends the "overly broad putative class" will result in

---

[2] Because the Court summarized the allegations in the FAC in its previous order -- and those allegations are identical to the allegations in the SAC -- the Court does not repeat them here.

"burdensome discovery because a myriad of consent-related evidence will be required to exclude those individuals who, like Mrs. Pascal, provided prior express consent to be texted" and "will render the motion for class certification, motion for summary judgment and trial unmanageable, and impose significant burdens on the Court's resources, with the only reasonable outcome being that class treatment is not the superior method of adjudicating this individual claim."

## III. ANALYSIS

### A. Challenges Under Rule 12(b)(6)

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). In ruling on a motion to dismiss under Rule 12(b)(6), the court analyzes the complaint and takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). "Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). However, under the doctrine of incorporation by reference, a court may look beyond the pleadings to consider documents that were "referenced extensively in the complaint and were accepted by all parties as authentic" without converting a Rule 12(b)(6) motion into a summary judgment motion. *Id.* (citing *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir.1999)).

A motion asserting a 12(b) defense must be made *before* filing an answer. Fed. R.Civ. 12(b) (emphasis added). "[A]mending a complaint does not automatically revive defenses and objections the defendant ha[s] previously waived." *Townsend Farms v. Goknur Gida Madderleri Enerji Imalat Ithalat Ihracat Ticaret Ve Sanayi A.S.*, No. SACV150837DOCJCGX, 2016 WL 10570248, at *6 (C.D. Cal. Aug. 17, 2016) (listing cases). Thus, a defendant may bring a Rule 12(b) motion objecting to an amended complaint only to the extent the challenges asserted in that motion are based on the new matter in the amended complaint. *Brooks v. Caswell*, No. 3:14-CV-01232-AC, 2016 WL 866303, at *3 (D. Or. Mar. 2, 2016) ("this court follows many other circuits

1   and district courts across the country which have held that an amended complaint does not revive
2   the right to file a post-answer motion to dismiss, with the exception that new claims may be
3   attacked"); *see also Regents of Univ. of California v. Triple S Steel Holdings Inc.*, No.
4   SACV161408DOCFFMX, 2016 WL 11002545, at *2 (C.D. Cal. Nov. 1, 2016) (rejecting Rule
5   12(b)(6) challenge to claim in amended complaint on the basis that the claim was not new and the
6   challenge had been waived by failing to assert it in an earlier motion to dismiss); *Sears Petroleum*
7   *& Transport Corp. v. Ice Ban Am., Inc.*, 217 F.R.D. 305, 307 (N.D.N.Y. 2003) (holding that "if
8   the amended complaint also contains new matter, the defendant may bring a second motion under
9   Rule 12 to object to the new allegations only").

10   Concentra's challenges under Rule 12(b)(6) are not aimed at any new material in the SAC
11   and therefore its objections have already been waived.   Further, to the extent Concentra seeks to
12   introduce evidence to contradict the allegations in the complaint and to show that they are
13   "misleading," the motion is not proper under Rule 12(b)(6).  Despite Concentra's vague references
14   to the doctrine of incorporation, it makes no attempt to show that the evidence it relies on was
15   referenced in the SAC.   It was not.  Were the Court to consider the evidence offered by Concentra
16   the Motion would be converted to a summary judgment motion but such a motion is premature.

17   The Court therefore rejects Concentra's challenges to the SAC under Rule 12(b)(6).

18   **B.   Request for a More Definite Statement Under Rule 12(e)**

19   Under Rule 12(e), the Court may grant a motion for a more definite statement when a
20   pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R.
21   Civ. P. 12(e).  "[A] motion for a more definite statement must be considered in light of the liberal
22   pleading standards of Rule 8(a)." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal.
23   1996).  "Thus, a motion for a more definite statement should not be granted unless the defendant
24   literally cannot frame a responsive pleading." *Id.* (*citing Boxall v. Sequoia Union High School*
25   *District*, 464 F.Supp. 1104, 1114 (N.D.Cal. 1979)).  That standard is not met here.  Indeed,
26   Concentra already filed an answer, responding to virtually the same allegations as are contained in
27   the SAC.  The Court therefore rejects Concentra's argument that Plaintiff should be required to
28   provide a more definite statement.

### C. Motion to Strike Under Rule 12(f)

Rule 12(f) of the Federal Rules of Civil Procedure provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotation marks, citation, and first alteration omitted), rev'd on other grounds by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). "Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) (citing *Thompson v. Merck & Co.*, 2004 WL 62710, *5 (E.D.Pa. Jan. 6, 2004)). However, "[b]efore a motion to strike is granted, the court must be convinced that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed." *Id.* (citing *RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F.Supp.2d 556, 566 (C.D.Cal.2005)).

Concentra's challenges to the class allegations, like its objections to the SAC under Rule 12(b) and 12(e), are not aimed at the pleadings but instead, are based on evidence about facts that are very much in dispute relating to whether Plaintiff's wife consented to receive the text message that is the basis of Plaintiff's claim. Under these circumstances, Concentra's challenges are not appropriately addressed under Rule 12(f). Rather, they should be addressed at the class certification stage of the case, when the parties have had a full opportunity to engage in discovery. Therefore, the Court rejects Concentra's request to strike the class allegations in the SAC.

## IV. CONCLUSION

The Motion is DENIED.

**IT IS SO ORDERED.**

Dated: August 21, 2020

JOSEPH C. SPERO
Chief Magistrate Judge