1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
PAMELA M. FERGUSON, SB# 202587
2   E-Mail: Pamela.Ferguson@lewisbrisbois.com
AMY L. PIERCE, SB# 210539
3   E-Mail: Amy. Pierce@lewisbrisbois.com
STEPHEN H. TURNER, SB# 89627
4   E-Mail: Stephen.Turner@lewisbrisbois.com
DANIELLE E. STIERNA, SB# 317156
5   E-Mail: Danielle.Stierna@lewisbrisbois.com
333 Bush Street, Suite 1100
6  San Francisco, California 94104-2872
Telephone:    415.362.2580
7  Facsimile:    415.434.0882

8  Attorneys for Defendant, CONCENTRA, INC.

9

UNITED STATES DISTRICT COURT

10

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11

12

13  LAWRENCE PASCAL, individually and on behalf of all others similarly situated,

14                Plaintiff,

15          vs.

16  CONCENTRA, INC., et al.,

17                Defendant.

18

| | |
|---|---|
| CASE NO. 3:19-cv-02559-JCS | |
| **DEFENDANT CONCENTRA, INC.'S THIRD SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE** | |
| Trial Date:      None Set | |

19  PROPOUNDING PARTY:       Plaintiff, LAWRENCE PASCAL

20  RESPONDING PARTY:        Defendant, CONCENTRA, INC.

21  SET NUMBER:              One (1)

22          Pursuant to Federal Rule 33, Defendant, CONCENTRA, INC. ("Defendant") hereby

23  provides the following third supplemental response to Plaintiff LAWRENCE PASCAL's

24  ("Plaintiff") Special Interrogatories, Set One as follows:

25  / / /

26  / / /

27  / / /

28  **EXHIBIT 2**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## GENERAL OBJECTIONS AND RESERVATIONS

As to each and every Request in Plaintiff's First Set of Special Interrogatories, Defendant states the following:

A.      Defendant has not yet completed its discovery and investigation of the facts giving rise to this action, but has made a diligent, good faith effort to obtain all information responsive to these requests within Defendant's possession, custody, or control.  Accordingly, these responses are made without prejudice to Defendant's right to introduce prior to or at the time of trial or otherwise use any additional information it may obtain as a result of Defendant's continuing discovery and investigation, but Defendant assumes no obligation, beyond that imposed by FRCP 26(e) and 33, to supplement and amend these responses to reflect witnesses, facts, or other information discovered following the date of these responses.

B.      Defendant has based these responses on the assumption that Plaintiff did not intend to seek information protected against discovery by the attorney-client privilege or the attorney work-product doctrine, the right of privacy laws, the protection afforded trade secrets or any other applicable privilege or protection from disclosure.  To the extent that the Requests are intended to elicit such privileged or protected information, Defendant objects thereto as to each Request and asserts the applicable privilege or protection to the fullest extent permitted by law.

C.      To the extent that Defendant responds to these Requests, Defendant does not concede the relevancy of those responses to this action, nor does it concede that such responses may be used for any purpose in this action or any other action or proceeding.  Defendant expressly reserves the right to object to further discovery into the subject matter of any Request or any portion thereof.

D.      Defendant objects to each Request to the extent that it seeks information equally available to Plaintiff or information that is not within Defendant's possession, custody, or control.

E.      Defendant objects to the Requests to the extent that they are intended to be and are overly broad, unduly burdensome and oppressive.

F.      Defendant objects to each Request to the extent it seeks information that is not relevant to the subject matter of this action, and is not reasonably calculated to lead to the

DEFENDANT CONCENTRA, INC.'S THIRD SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

discovery of admissible evidence.

Without waiving any of the foregoing General Objections, each of which applies to each and every one of the individual responses set forth below and is incorporated by this reference therein (whether or not specifically stated in the response), Defendant responds to the individual Requests as follows:

**THIRD SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORIES. SET ONE**

**SPECIAL INTERROGATORY NO. 4:**

Describe YOUR procedure, if any, for how you request and/or obtain consent from PROSPECTS, prior to texting them.

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Defendant incorporates its Preliminary Statement and General Objections as if set forth fully herein. Defendant objects because Plaintiff's discovery requests are premature in light of Defendant's pending Motion to Stay. Defendant further objects to the term "PROSPECTS" as it is overbroad, vague, and ambiguous. Defendant also objects on the basis that Plaintiff lacks standing (including prudential and Article III) to request this information. Defendant also objects because the request calls for confidential business information and trade secrets and a protective order has not yet been entered.

**SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Defendant objects on the basis that Plaintiff is not a member of the putative class definition related to texts sent "for the purpose of promoting Defendant's services" and therefore lacks standing.  FAC ¶ 20.

To the extent Defendant anticipates Plaintiff filing an amended complaint correcting this error:

Generally speaking, there are numerous ways people get in contact with Concentra to provider their information for potential recruitment for job opportunities.  These include direct applications to Concentra by either accessing Concentra's website or being redirected there from posting on a job board.  People provide their information to temp agencies or head hunters who then provide the information to Concentra.  People provide their information at booths at

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  conferences.  Some are former students or former employees.

2  **SECOND SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

3       Defendant incorporates the General Objections and Reservations, and each previously

4  asserted objection herein by reference as if set forth in their entirety.

5       Subject to the foregoing objections, and without waiving its right to augment its objections

6  and response, Defendant supplements its earlier response as follows:

7       Employment-related texts like the one alleged in the SAC (Dkt. 60 ¶ 18) require only prior

8  express consent, *i.e.*, they are not telemarketing or advertising under 47 U.S.C. § 227 or its

9  implementing regulations, 47 C.F.R. § 64.1200. 47 U.S.C.§ 227(b)(1)(A)(iii); 64 C.F.R. §

10 64.1200(a)(1)(iii), (a)(2), (f)(8), (f)(12), ; *see also Reardon v. Uber Techs., Inc.*, 115 F. Supp. 3d

11 1090, 1097 (N.D. Cal. July 19, 2015); *Lutz Appellate Servs., Inc. v. Curry*, 859 F. Supp. 180, 181-

12 82 (E.D. Pa. 1994); *Friedman v. Torchmark Corp.,* 12-CV02837-IEG (BGS), 2013 WL 1629084,

13 at *4 (S.D. Cal. Apr. 16, 2013). Judge Spero agrees that only prior express consent is required for

14 the type of text in this litigation. *See Orea v. Nielsen Audio, Inc.*, 14-cv-04235-JCS, 2015 U.S.

15 Dist. LEXIS 54916 (N.D. Cal. Apr. 24, 2015).

16      Plaintiff collects all phone numbers directly or indirectly from prospective employees or

17 from business partners or service providers that it believes have obtained the requisite consent for

18 Defendant to call the prospective employee or otherwise invited prospective employers to call the

19 prospective employee. Those individuals who provided their mobile number directly to Defendant

20 or published their mobile number inviting a call from employers like Defendant have provided

21 prior express consent to be called about employment opportunities. *See Van Patten v. Vertical*

22 *Fitness Group LLC*, 847 F.3d 1037, 1046 (9th Cir. 2017); *In re Rules and Regulations*

23 *Implementing the Telephone Consumer Protection Act of 1991,* Report and Order, 7 FCC Rcd

24 8752, 8769 ¶ 31 (Oct. 16, 1992); *Olney v. Job.com., Inc.*, Case No 1:12-cv-01724-LJO-SKO, 2014

25 U.S. Dist. LEXIS 60843, *4-6, 14-23 (E.D. Cal. May 1, 2014) (Plaintiff registered an account with

26 Job.com via Resume-Now's website and the registration process included plaintiff providing a cell

27 phone number.) (citing *Baird v. Sabre, Inc.*, 995 F.Supp.2d 1100 (C.D. Cal. Jan. 28, 2014)).

28      Defendant has repeatedly explained to Plaintiff that it collects employees' and prospective

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

employees' phone numbers from these individuals directly through:

    submission of applications using Defendant's online application system ICIMS,

    enrolling in Talent Connect, in ICIMS, to receive alerts when employment opportunities become available,

    participating in events such as the American Physical Therapy Association that Defendant attends,

    interacting with Defendant's affiliations at universities and with their students,

    job boards and resume databases where the prospective employees voluntarily post their resumes with their contact information inviting calls from prospective employers,

    references for other job applicants who agree to be contacted about employment opportunities with Defendant,

    responding to social media postings,

    walk-ins

Defendant also collects phone numbers from these individuals indirectly through (A) contracts with third party staffing and placement companies who were assisting prospective employees to find gainful employment and who, in connection with these efforts, obtained consent directly from the individuals to share their resumes/application with prospective employers, and (B) its employee referral program where current employees refer their contacts for positions with Defendant.

Defendant has a very large database of employees' and prospective employees' phone numbers, including phone numbers collected from prospective employees when Defendant was owned by Humana and when Defendant acquired US Healthworks. In doing so, Defendant obtains the prior express consent from these individuals to be called. Determining how a phone number was acquired, however, will require an individualized inquiry as to each individual who received a text message from Defendant.

A more detailed, though not exhaustive, sample list of sources of where contact information of potential recruits is gathered by Defendant, and thereby consent to contact them about recruitment includes:


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    American College of Occupational and Environmental Medicine (ACOEM)

2    Aerotek,

3    American College of Health Care Executives,

4    American Physical Therapy Association (APTA) State Chapter,

5    APTA Student Conclave,

6    Acquisition Rock Hill, SC,

7    CareerBuilder,

8    CCORE,

9    Craigslist AD,

10    Critical Connection,

11    Facebook,

12    Glassdoor,

13    Hand Rehabilitation Foundation,

14    Handshake,

15    Health Jobs Nationwide,

16    Healthy Recruiting

17    iHire,

18    Indeed.com,

19    Jobcase,

20    LinkedIn,

21    Locum Firm,

22    Monster.com,

23    National Athletic Trainers' Association (NATA),

24    Neuvoo.com,

25    Nexxt.com,

26    Peopleshare,

27    Physemp.com,

28    Practice Link,

4825-6044-6922.4

DEFENDANT CONCENTRA, INC.'S THIRD SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SPECIAL
INTERROGATORIES, SET ONE

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   RecruitMilitary,

2   Robert Half,

3   Valorhealthcare.com,

4   Valorjobs,

5   ZipRecruiter.

6   Plaintiff has, as a sample, documents from Defendant and Critical Connection, in

7   responses to Plaintiff's subpoena, that reflect how prospective employees like Plaintiff's spouse,

8   Shani Pascal, provided their consent to be called by Defendant by responding to a job posting.

9   Mrs. Pascal responded to a job posting on PTJobs.com for a position with Select Medical,

10   Defendant's parent company prior to its acquisition of Defendant, by providing her resume, which

11   included her mobile number (CCI5, CCI6, CCI8, CCI11-CCI14).

12   Plaintiff also has, as a sample, documents from Defendant that reflect how prospective

13   employees provided their consent to be called by Defendant by creating a public resume using a

14   site like Indeed.com (CONCENTRA 00189) and submitting a resume or application through a site

15   like Indeed.com (*see id.*). *See also* CONCENTRA 00116-00130, CONCENTRA 00240,

16   CONCENTRA 00243, CONCENTRA 00245, CONCENTRA 00259-00260, CONCENTRA

17   00272, CONCENTRA 00279-00282, CONCENTRA 00324).

18   In addition, Defendant attended conferences in 2019 hosted by various organizations

19   through which it interacted prospective employees, collecting their personal identification

20   information:

21   2019 Diversity & Bilingual Job Fair,

22   2019 Doctor of Physical Therapy Graduation Banquet,

23   Aerospace Medical Association (AsMA),

24   All Majors Career & Internship Fair,

25   American Academy of Family Physicians (AFP),

26   American Academy of Orthopedic Manual Physical Therapists (AAOMPT),

27   American Academy of Orthopedic Surgeons (AAOS),

28   American Academy of Physical Medicine and Rehabilitation (AAPM&R),


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4825-6044-6922.4

7

Case No. 3:19-cv-02559-JCS

DEFENDANT CONCENTRA, INC.'S THIRD SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SPECIAL
INTERROGATORIES, SET ONE

1     American College of Occupational and Environmental Medicine (ACOEM)

2     American College of Osteopathic Family Physicians (ACOFP) 2019 annual convention,

3     American College of Physicians (ACP),

4     American Occupational Health Conference (AOHC) 2016,

5     American Occupational Health Conference (AOHC) 2019,

6     American Physical Therapy Association (APTA) – Combined Sections Meeting (CSM),

7     American Physical Therapy Association (APTA) – Student Conclave,

8     American Society of Radiologic Technologists (ASRT),

9     Baylor Career Fair,

10    Bilingual and Diversity Jobs,

11    California Physical Therapy Association (CPTA) (Tri State),

12    CareerMD,

13    Central States Occupational and Environmental Medicine Association ( CSOEMA),

14    Dallas Veterans Job Fair,

15    Des Moines University Physical Therapy and Health Occupations Job Fair,

16    iWork Youth Career Exploration,

17    JPS Family Medicine,

18    Langston University Open House Event,

19    Michigan Osteopathic Association Scientific Convention,

20    New England College of Environmental Medicine (NECOEM)

21    Osteopathic Physicians & Surgeons of CA (President's Banquet),

22    Pri-Med Southwest,

23    Pri-Med West,

24    RecruitMilitary,

25    Tennessee College of Occupational and Environmental Medicine (TCOEM),

26    Tulsa, OK Job Fair – Back to School Bash

27    Uniformed Services Academy of Family Physicians (USAFP),

28    University of Nebraska Medical Center (UNMC) Physical Therapy Education Networking

4825-6044-6922.4

DEFENDANT CONCENTRA, INC.'S THIRD SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SPECIAL
INTERROGATORIES, SET ONE

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

& Career Fair,

Western Occupational Health Conference hosted by WOEMA, a regional component of the American College of Occupational and Environmental Medicine (ACOEM)

Whitman Fall 2019 Career Fair

Plaintiff also has, as a sample, documents from Defendant that reflect how prospective employees provided their consent to be called by Defendant by participating in a trade show or job fair (CONCENTRA 00108-00112).

Obviously, Defendant attends numerous conferences each year in which it collects prospective employees' personal identification information. The above list of conferences is not an exhaustive list of the conferences that it has attended over the many years during which it engaged with prospective employees and collected directly from these individuals their personal identification information. It does, however, demonstrate the vast number of sources for consent-related information.

Prospective employees may provide their personal identification information, including their phone number, directly to Defendant through other channels:

Clinical affiliations,

Cold calls (non-ATDS call),

Colleague referrals,

Colleges, University and other Institutions

Current/previous colleagues,

Direct Mail Campaigns

Direct Mail – Invitation Style Card,

Emails from a Recruiter,

Email Campaigns,

Job boards,

Job fairs,

Job postings,

Recruiter talent pipeline,



Referrals,

Social Networks Websites,

Staffing Agencies,

www.concentra.com/careers

Defendant has provided Plaintiff with sample documents reflecting the ways in which it collects consent consistent with its business records (CONCENTRA 00116-00130, CONCENTRA 00189, CONCENTRA 00240, CONCENTRA 00243, CONCENTRA 00245, CONCENTRA 00259-00260, CONCENTRA 00272, CONCENTRA 00279-00282, CONCENTRA 00324, CCI5, CCI6, CCI8, CCI11-CCI14).

Moreover, Defendant has consistently objected to Plaintiff's request for information related to "all outbound texts" based upon his overbroad and unmanageable putative class definition, as defined by Plaintiff: "**No Consent Class.** All persons in the United States who: (1) from May 13, 2015 to the present; (2) received at least one text message; (3) on his or her cellular telephone; (4) that was sent using an automatic telephone dialing system; (5) by or on behalf of Concentra, Inc." (Dkt. 60 ¶ 20) (Emphasis in original),

This class definition is overbroad because it is well settled law that a successful TCPA claim requires three elements: (1) the defendant called a mobile phone; (2) using an ATDS; (3) without the recipient's "prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012); 47 U.S.C. § 227(b)(1)(A)(iii). Those individuals who provided their mobile number directly to Defendant or published their mobile number inviting a call from employers like Defendant do not have a claim against Defendant. *See Van Patten v. Vertical Fitness Group LLC*, 847 F.3d 1037, 1046 (9th Cir. 2017); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 7 FCC Rcd 8752, 8769 ¶ 31 (Oct. 16, 1992); *Olney v. Job.com., Inc.*, Case No 1:12-cv-01724-LJO-SKO, 2014 U.S. Dist. LEXIS 60843, *4-6, 14-23 (E.D. Cal. May 1, 2014) (Plaintiff registered an account with Job.com via Resume-Now's website and the registration process included plaintiff providing a cell phone number.) (citing *Baird v. Sabre, Inc.*, 995 F.Supp.2d 1100 (C.D. Cal. Jan. 28, 2014)).

A class is unmanageable when "there is no good way to identify [ ] individuals" in the



10

DEFENDANT CONCENTRA, INC.'S THIRD SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SPECIAL
INTERROGATORIES, SET ONE

1    class. *Xavier v. Philip Morris USA Inc.*, 787 F. Supp. 2d 1075, 1089 (N.D. Cal. 2011); *see also*

2    *Tidenberg v. Bidz.com*, 2010 WL 135580, at *2 (C.D. Cal. Jan. 7, 2010) (The class definition

3    "determines those who would be (1) entitled to relief, (2) bound by any judgment, or (3) both.").

4    Plaintiff has continued to refuse to engage in meaningful discussions about the proper scope of

5    discovery given its own acknowledgement that the putative class is a "**No Consent Class**" (Dkt.

6    60 ¶ 20) (Emphasis in original).

7        On June 19, 2020, Defendant filed its Motion to Dismiss (Dkt. 68) ("Motion"). In its

8    Motion, Defendant contends, among other things, that Plaintiff is an atypical and inadequate class

9    representative who cannot satisfy the Rule 23 requirements to certify the putative class defined in

10   Paragraph 20 of the SAC. As explained in the Motion, the SAC is the epitome of a class action

11   that would require the expenditure of significant time and money to litigate consent issues

12   requiring a myriad of evidence to dispense of them prior to trial. As Defendant explained, Courts

13   agree that some types of claims are simply not suitable for class treatment because, by their very

14   nature, they require individualized fact analysis making a case unmanageable as a class action. *See*

15   Fed. R. Civ. P. 23(a), (b).

16       Plaintiff appears to be contending that he is entitled to all facts relevant to Defendant's

17   consent to text every single text sent by Defendant, even though no class has been certified and

18   this sort of individualized fact analysis is precisely why this matter may not proceed as a class

19   action under Rule 23. *See* Fed. R. Civ. P. 23(b)(3) ("[Q]uestions of law or fact common to class

20   members [must] predominate over any questions affecting only individual members."); *Revitch v.*

21   *Citibank, N.A.*, C 17-06907 WHA, 2019 U.S. Dist. LEXIS 72026, at *12 (N.D. Cal. Apr. 28,

22   2019) (Predominance cannot be met where "a significant percentage of the putative class

23   consented to receiving calls."), citing *Tomeo*, 2018 U.S. Dist. LEXIS 166117; *Blair v. CBE*

24   *Group, Inc.*, 309 F.R.D. 621, 628-29 (S.D. Cal. 2015); *see also Selby v. LVNV Funding, LLC*, 13-

25   cv-01383, 2016 U.S. Dist. LEXIS 83940 (S.D. Cal. June 22, 2016) (evidence existed of consent

26   having been obtained in a variety of ways necessitating individual inquiries); *Zinser v. Accufix*

27   *Research Inst.*, 253 F.3d 1180, 1189 (9th Cir. 2001) (court considered whether separate

28   adjudication of each class member's individual claim or defense would be required). Plaintiff

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4825-6044-6922.4

11

Case No. 3:19-cv-02559-JCS

DEFENDANT CONCENTRA, INC.'S THIRD SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SPECIAL
INTERROGATORIES, SET ONE

disregards that his own class definition confirms that it does not include those individuals who provided the requisite consent, proposing a "**No Consent Class**" (Dkt. 60 ¶ 20) (Emphasis in original).

Plaintiff's continued requests for this breadth of information is intended solely to harass Defendant because, by his Interrogatory he is attempting to force Defendant to perform the individualized analysis of each texted person before a class is certified and knowing that, if individualize inquiry is required, the class is not certifiable under Rule 23.

Nonetheless, Defendant is working to provide Plaintiff with additional information that may assist it to narrow the scope of the discovery that it seeks.

Defendant's response reflects the current state of its knowledge, understanding and belief with respect to this Interrogatory. Defendant's discovery, investigation and preparation for trial of this matter is not complete and is continuing as of the date of this Interrogatory. Defendant's response is given without prejudice to its right to rely on or use at a later date subsequently discovered information, or information omitted from this response as a result of mistake, error, oversight or inadvertence. Defendant further reserves the right to supplement and/or augment its response, as its investigation is ongoing.

**THIRD SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Defendant incorporates the General Objections and Reservations, and each previously asserted objection herein by reference as if set forth in their entirety.

Subject to the foregoing objections, and without waiving its right to augment its objections and response, and as ordered by the Court in its Order Re Joint Discovery Letter (Dkt. 87), Defendant supplements its earlier responses as follows:

Defendant previously included in its responses a non-exhaustive list of channels, sub-channels, sources, and sub-sources from which Defendant collects potential recruits' mobile numbers.  Defendant's prior discovery responses that identify a non-exhaustive list of channels and/or sources of consent include: Defendant's responses to Set One Special Interrogatories 1, 3, 4, 6, 7, 12, and 14; responses to Set Three Special Interrogatories 19 and 20; responses to Set One Requests for Production 2, 3, 4, 5, 7, 9, 10, 12, and 13; responses to Set Two Requests for

1  Production 35, 36, 37, 38, and 40; and responses to Set Three Requests for Production 59, 60, 61,

2  62, and 63.

3       A substantially complete list of channels Defendant uses to collect consent include: (1) In-

4  Person; (2) Telephonic; (3) Electronic; and (4) Postal.

5       Defendant previously included in its responses a list of sub-channels that is substantially

6  complete.  These include: (1) submission of applications using Defendant's online application

7  system ICIMS; (2) enrolling in Talent Connect, in ICIMS, to receive alerts when employment

8  opportunities become available; (3) participating in events such as the American Physical Therapy

9  Association that Defendant attends (4) interacting with Defendant's affiliations at universities and

10  with their students; (5) job boards and resume databases where the prospective employees

11  voluntarily post their resumes with their contact information inviting calls from prospective

12  employers; (6) references for other job applicants who agree to be contacted about employment

13  opportunities with Defendant; (7) responding to social media postings; (8) walk-ins; (9) contracts

14  with third party staffing and placement companies who were assisting prospective employees to

15  find gainful employment and who, in connection with these efforts, obtained consent directly from

16  the individuals to share their resumes/application with prospective employers; (10) its employee

17  referral program where current employees refer their contacts for positions with Defendant; (11)

18  clinical affiliations; (12) current and former colleagues; (13) responses to direct mail; (14)

19  responses to email; and (15) recruiters.

20       Below is a supplemented list of sources that are currently in Defendant's iCIMS database

21  pulled from data on potential recruits from 2019.  This data is not limited to individuals who

22  received a text message.  It includes duplicates and typos because of the different ways the data is

23  gathered and entered into iCIMS which can include automatic coding, applicant entry, or recruiter

24  entry.

25       AAPMR

26       ACHE

27       ACN APTA State Chapter

28       ACOEM

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4825-6044-6922.4

13

Case No. 3:19-cv-02559-JCS

DEFENDANT CONCENTRA, INC.'S THIRD SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SPECIAL
INTERROGATORIES, SET ONE

1    ACOEM AOHC 2019

2    ACOFP 2019

3    Aerotek

4    Agency

5    American College of Healthcare Executives

6    AOHC

7    AOPA

8    AOTA

9    Apex Systems

10   APTA

11   APTA State Chapter

12   ASHE

13   ASHT

14   ASMA 2018

15   CareerBuilder

16   CCORE email blast

17   CCORE voicemail

18   Checkster

19   Clinical affiliation

20   Cold Call

21   Colleague Referral

22   College Career Fair

23   College Job Board

24   Commercial (Radio/TV)

25   Company Recruiter

26   Company Website

27   Concentra Employee

28   Concentra.com


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4825-6044-6922.4

Case No. 3:19-cv-02559-JCS

DEFENDANT CONCENTRA, INC.'S THIRD SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SPECIAL
INTERROGATORIES, SET ONE

1    Conference

2    CPTA

3    Craigslist AD

4    CSM

5    Current or Previous Employee

6    Data Vendor

7    DataPrivacyCareers

8    DataPrivacyCareers.com

9    DataQuest

10   Dice.com

11   Direct Mail – Invitation Style Card

12   Doximity

13   [current employee name provided]

14   Email

15   Email Campaign

16   [current employee name provided]

17   Extern Program/Clinical

18   Affiliation/Residency/Training Program

19   Facebook

20   Facebook Lead Gen

21   Fax

22   Frontend.LA.com

23   Glassdoor

24   GoInhouse

25   Google

26   Hand Rehabilitation Foundation

27   Handshake

28   Health Jobs Nationwide


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| 1 | Heroes to Healthcare |
| 2 | HireAggies |
| 3 | HTCC |
| 4 | I am current colleague |
| 5 | I am Former Colleague |
| 6 | Identify Feature |
| 7 | iHire |
| 8 | Indeed Hiring Event |
| 9 | Indeed.com |
| 10 | Indeed.com Sponsored Job |
| 11 | Indeed.comCampaign |
| 12 | Job Board |
| 13 | Job Corps |
| 14 | Job Fair |
| 15 | Job Posting |
| 16 | Jobcase |
| 17 | jobfind.info |
| 18 | jobs-in-america.com |
| 19 | jobs-in-usa.net |
| 20 | Klasko |
| 21 | LinkedIn |
| 22 | LinkedIn Recruiter |
| 23 | Local |
| 24 | Locum Firm |
| 25 | locumtenens.org |
| 26 | Mailer |
| 27 | Marcus Rawls outsourced 8/2019 |
| 28 | Military recruitment fair |



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4825-6044-6922.4

16

Case No. 3:19-cv-02559-JCS
DEFENDANT CONCENTRA, INC.'S THIRD SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SPECIAL
INTERROGATORIES, SET ONE

1    Monster

2    Monster.com

3    NAHQ

4    NATA

5    Neuvoo

6    neuvoo.com

7    Nexxt

8    NJHAHospitalcareers.com

9    nrcme dot

10   OPEdge

11   Open House

12   OT Association

13   Other

14   PathFinders

15   Peopleshare

16   Physemp.com

17   Physician Job Board

18   Postcard Campaign

19   PostJobFree

20   Practice Link

21   Practicematch

22   PT Association

23   ravenjobs.com.com

24   Recruiter talent pipeline

25   RecruitMilitary

26   Referral

27   Rehire

28   Robert Half



DEFENDANT CONCENTRA, INC.'S THIRD SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE

1   S2E campaign

2   Salary.com

3   School

4   SHRM site

5   SM Recruiting – Contact Us

6   Social Media

7   Social Networks

8   Staffing Agency

9   Staffing Agency/Vendor

10  System One

11  TalentFlex

12  Valorhealthcare.com

13  valorjobs

14  Vibra

15  Virtual Mee & Greet

16  vprecruiter.com

17  Walk-In

18  Word of Mouth

19  www.concentra.com/careers

20  ZipRecruiter

21  [Blank]

22      Defendant's investigation into possible additional sources that are not in iCIMS is ongoing.

23  Defendant's response reflects the current state of its knowledge, understanding and belief with

24  respect to this Interrogatory. Defendant's discovery, investigation and preparation for trial of this

25  matter is not complete and is continuing as of the date of this Interrogatory. Defendant's response

26  is given without prejudice to its right to rely on or use at a later date subsequently discovered

27  information, or information omitted from this response as a result of mistake, error, oversight or

28  inadvertence. Defendant further reserves the right to supplement and/or augment its response, as

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4825-6044-6922.4
18
Case No. 3:19-cv-02559-JCS
DEFENDANT CONCENTRA, INC.'S THIRD SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SPECIAL
INTERROGATORIES, SET ONE

1  its investigation is ongoing.

2

3

4  DATED: September 4, 2020          PAMELA M. FERGUSON
                                     AMY L. PIERCE
5                                    STEPHEN H. TURNER
                                     DANIELLE E. STIERNA
6                                    LEWIS BRISBOIS BISGAARD & SMITH LLP

7

8

9                                    By:    /s/ Danielle E. Stierna
                                            Danielle E. Stierna
10                                          Attorneys for Defendant, CONCENTRA, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4825-6044-6922.4

19

Case No. 3:19-cv-02559-JCS
DEFENDANT CONCENTRA, INC.'S THIRD SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SPECIAL
INTERROGATORIES, SET ONE

1

## VERIFICATION

2    NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

3        I have read the foregoing **DEFENDANT CONCENTRA, INC.'S THIRD
**   **SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET**
4    **ONE** and know its contents.

5    ☐    I am a party to this action.  The matters stated in the foregoing document are
     true of my own knowledge except as to those matters which are stated on
6    information and belief, and as to those matters I believe them to be true.

7    ☒    I am Amanda Glazer, National Director, Talen Acquisition & Staffing of
     CONCENTRA, INC., a party to this action, and am authorized to make this
8    verification for and on its behalf, and I make this verification for that reason.

9            ☐        I am informed and believe and on that ground allege that the matters
                     stated in the foregoing document are true.
10
             ☒        The matters stated in the foregoing document are true of my own
11                   knowledge except as to those matters which are stated on information
                     and belief, and as to those matters I believe them to be true.
12
     ☐    I am one of the attorneys for CONCENTRA, INC., a party to this action.
13   Such party is absent from the county where such attorneys have their offices, and I
     make this verification for and on behalf of that party for that reason.  I am informed
14   and believe and on that ground allege that the matters stated in the foregoing
     document are true.
15
         I declare under penalty of perjury under the laws of the United States and the
16   State of California that the foregoing is true and correct.

17       Executed on September 4, 2020, at _Addison_____, Texas.

18

19   _Amanda Glazer_                            _Amanda Glazer_

20   Print Name of Signatory                    Signature

21

22

23

24

25

26

27

1

# FEDERAL COURT PROOF OF SERVICE

2

3
*Lawrence Pascal v. Concentra, Inc.*  - Case No. 3:19-cv-02559-JCS

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4

5
At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.

6

7
On September 4, 2020, I served the following document(s):  **DEFENDANT CONCENTRA, INC.'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**

8

9
I served the following document(s) on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

10

11
Mark L. Javitch, Esq.
JAVITCH LAW FIRM

12
480 S. Ellsworth Ave.
San Mateo, CA 94401

13
Tel: (650) 781-8000
Fax: (650) 648-0705

14
mark@javitchlawoffice.com
***Attorneys for Plaintiff LAWRENCE***

15
***PASCAL***

Thomas A. Zimmerman, Jr., Esq.
Jeffrey D. Blake, Esq.
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602
Tel:   (312) 440-0020
Fax:   (312) 440-4180
tom@attorneyzim.com
jeff@attorneyzim.com
***Attorneys for Plaintiff LAWRENCE***
***PASCAL***

16

17
The documents were served by the following means:

18
☒   (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order

19
or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail

20
addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

21

22
I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

23
Executed on September 4, 2020, at Los Angeles, California.

24

25
__*/s/ Danielle E. Stierna*_____

26
Danielle E. Stierna

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4825-6044-6922.4

Case No. 3:19-cv-02559-JCS

DEFENDANT CONCENTRA, INC.'S THIRD SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SPECIAL
INTERROGATORIES, SET ONE