# EXHIBIT 4

**Introduction**

1. I have been retained by the counsel representing Defendant Concentra, Inc. to review and opine on the report of plaintiff's expert, Dr. Jeffrey Petersen, on sampling protocol and to propose a sampling method.

**Relevant Background**

2. I am a Managing Director at Welch Consulting, a consulting firm specializing in economic and statistical consulting. Attached, hereto as Exhibit 1, is a true and correct copy of my resume.

3. Since 2005, I have conducted economic and statistical analyses for over 300 matters related to individual, class, or collective action allegations. Most of them had claims related to employment issues. The list of cases in which I have testified is attached hereto as Exhibit 2. If sworn as a witness, I could and would testify competently to the following:

**Documents Provided and Reviewed**

4. I relied upon the following documents for this report:

- Plaintiff's Proposed Consent Sampling Protocol, dated September 18, 2020
- Report of Plaintiffs' Statistical Expert Regarding Sampling Protocol by Jeffrey Petersen, Ph.D., dated September 18, 2020
- Defendant Concentra, Inc.'s Third Supplemental Response to

> Plaintiff's Special Interrogatories, Set One, dated September 4, 2020
- Order Re Joint Discovery Letter, dated August 28, 2020
- Emails Between Plaintiff and Defense Counsel Re Sampling Protocol (9.4.2020 – 9.15.2020)

**Dr. Petersen's Sampling Protocol**

5. Dr. Jeffrey Petersen's Sampling Protocol is summarized in Paragraph 2 of his report. Dr. Petersen is proposing to draw a sample of 50 mobile numbers for each of the 15 subchannels, a total of 750 mobile numbers. Dr. Petersen does not provide a reason why he proposed a sample of 50 mobile numbers in each of the 15 subchannels. Dr. Petersen's report implies that someone will determine whether each of the sampled mobile numbers gave a consent to receive text messages or not. My understanding is that Dr. Petersen is planning to utilize that determination result to construct the likely percentage of all the mobile numbers in each subchannel (population) that gave consent to receive text messages.

**Sample Set of Mobile Numbers**

6. I have been informed by the counsel that there are between 20,000 and 50,000 unique mobile numbers that are relevant for this matter. According to Defendant's third supplemental response to special interrogatory No. 4, there are a substantially complete list of subchannels from which Defendant collected potential recruits' mobile numbers[1] and more than 100 sources.[2] My

---

[1] Defendant Concentra, Inc.'s Third Supplemental Response to Plaintiff's Special Interrogatories, Set One, Page 13.

[2] Defendant Concentra, Inc.'s Third Supplemental Response to Plaintiff's Special Interrogatories, Set One, Pages 13-18.

understanding is that the parties have agreed Concentra will identify a relevant subchannel for each of these mobile numbers.

7. Also, I understand that there will be mobile numbers that fit to more than one subchannel due to Concentra's continuous communications with a recruit. One mobile number might have been obtained through various subchannels. For example, one recruit's mobile number could have been obtained through subchannel 1 (submission of applications using Defendant's online application system ICIMS) but also through subchannel 15 (recruiters). If two recruits' mobile numbers were obtained through subchannels 1 and 15 but one mobile number is categorized into subchannel 1 while the other mobile number is categorized into subchannel 15, then these two mobile numbers will be treated differently under Dr. Petersen's sampling protocol based on subchannels. Yet, they are not different from each other with regard to how these numbers were obtained. In other words, these two mobile numbers will have a difference chance of being included in the random sample.

**My Proposed Sampling Protocol**

8. Based on my review of the documents and understanding of subchannels, I propose a simple random sampling from the universe of mobile numbers. Using this method, the parties can learn various combinations of subchannels through which mobile numbers were collected as well as various forms of giving consent to receive text messages from a sample of mobile numbers, once the underlying consent evidence is collected. At this point, I understand that Defendant does not have a reasonable time estimate to collect the underlying consent related evidence per mobile number. In addition, Defendant

has not classified all mobile numbers into the various subchannels. Given this limited information, I suggest that the parties would take the following steps to draw a random sample of mobile numbers:

- Step 1: Sort the list of entire mobile numbers by phone number.
- Step 2: Set a seed number by Stata's set seed feature in order to ensure reproducibility of the results.
- Step 3: Assign a randomly generated number to each mobile number. I can use Stata's runiform() function to perform this task.
- Step 4: Sort the list of mobile numbers by the randomly generated number associated with each mobile number. This step will ensure that mobile numbers are randomly ordered.
- Step 5: Concentra will collect the underlying consent related evidence (e.g. documents, electronic records, phone logs, or etc.) for the first 100 randomly selected mobile numbers and assign a subchannel to each mobile number.
- Step 6: Circulate the consent related evidence for those first 100 mobile numbers to the parties and their experts.
- Step 7: The parties will review the evidence for those first 100 mobile numbers.
- Step 8: Collect the next 100 mobile numbers if the parties agree or identify logical justification to collect more consent evidence.
- Step 9: Repeat Step 8 up to a total of 750 mobile numbers.

9. My method will provide significant benefits. First, this method can be implemented immediately because it does not require identifying subchannels for all the mobile numbers. The evidence that Concentra will collect will provide

information on whether a mobile number has one or more subchannels. If we were to use Dr. Petersen's protocol, then all the mobile numbers must be reviewed to identify their subchannels before a random sample is drawn, which will require extra time. Second, this method allows the parties to learn the population distribution of subchannels. In other words, the parties can learn which subchannels are more common than others in collecting mobile numbers in addition to different ways of consenting to receive text messages. Third, the parties can learn how long it would take to collect underlying evidence per mobile number once the first 100 mobile numbers are selected and their consent related evidence is collected. Fourth, it will enable the parties to adjust their method of collecting consent related evidence if necessary before collecting more consent related evidence.

10. I reserve the right to supplement my analysis if additional information becomes available to me in this matter and to respond to, rebut, opine on, or incorporate any opinions by other experts or declarants in this case.

Date: October 2, 2020

_____

Hyowook Chiang, Ph.D.

EXHIBIT 1



# Hyowook Chiang, Ph.D.

**WELCH CONSULTING**
12424 Wilshire Boulevard, Suite 600
Los Angeles, California 90025
310.260.4859
HChiang@welchcon.com

## EDUCATION

Ph.D., Economics
University of Maryland
College Park, Maryland
2005

M.A., Economics
University of Maryland
College Park, Maryland
2002

B.A., Economics
Seoul National University
Seoul, Korea
1992

## PROFESSIONAL EXPERIENCE

Managing Director
**Welch Consulting**
Los Angeles, California
2018 – Present

Senior Economist
**Welch Consulting**
Los Angeles, California
2016 – 2018

Economist
**Welch Consulting**
Los Angeles, California
2005 – 2016

Economist
**U.S. Census Bureau**
Longitudinal Employer
Household Dynamics Program (LEHD)
2002 – 2005

Research Assistant
**University of Maryland**
2002 – 2005

Instructor
Intermediate Macroeconomics
**University of Maryland**
2002

Teaching Assistant
Graduate Econometrics I and II
**University of Maryland**
2000 – 2002

Hyowook Chiang is a Managing Director in Welch Consulting's Los Angeles office. Since joining Welch, Dr. Chiang has assisted with a wide range of FLSA and state-specific wage/hour matters such as regular rate of pay, overtime pay, meal/rest break violations, rounding, misclassification, off-the-clock work, donning and doffing, and alternative work arrangements claims. He has provided declarations and deposition testimony, and supported clients in mediation and trial. Dr. Chiang has also assisted clients with nationwide and regional level gender, race, and age discrimination cases involving pay, promotions, performance evaluations, hiring, and terminations. He has conducted numerous pay equity analyses for companies in various industries. He has significant experience in analyzing large/complex databases in class action litigations. He has helped clients in health care, retail, finance, service, and manufacturing industries as either a testifying or consulting expert.

Dr. Chiang received his Ph.D. in economics from University of Maryland. Prior to joining Welch Consulting, he worked as an Economist at the Longitudinal Employer Household Dynamics (LEHD) program at the U.S. Census Bureau, where he conducted research on job and worker flows and firm productivity. He was an analyst at the Bank of Korea where he worked on international financial institutions and domestic money markets. He taught economic statistics and intermediate macroeconomics at the University of Maryland.

## Selected Casework

**Expert, Wage & Hours:** Class action claims of meal break violations for a class of employees at a large hospital in California. Analyzed commonality/variability of meal break pattern using the timekeeping data. Provided an expert report.

**Expert, Wage & Hours:** Class action claims of meal break violations, underpaid overtime, and penalties for a class of employees at a large manufacturer in California. Estimated potential exposure and provided an expert report.

**Expert, Wage & Hours:** Claims of unpaid overtime premium for individual plaintiffs at a large national delivery company. Reviewed the expert declaration for the plaintiffs and provided a rebuttal expert report.

**Expert, Personal Injury:** Claims of personal injury due to defendant's excessive hours of work. Reviewed the defendant's time report, activity log, payroll data, schedule data, and the expert declaration for the plaintiffs. Provided summary of finding, deposition testimony, and trial testimony.

**Expert, Wage & Hours:** Class action claims of off-the-clock work due to time gaps between computer logs and electronic time clocks. Reviewed and compared the computer logs and timesheets, conducted statistical analysis on commonality/variability. Provided an expert report.

**Expert, Wage & Hours:** Class action claims of misclassification of employees as independent contractors. Reviewed statistical analyses by the opposing experts based on a survey. Provided a rebuttal expert report.



# Hyowook Chiang, Ph.D.

**WELCH CONSULTING**
12424 Wilshire Boulevard, Suite 600
Los Angeles, California 90025
310.260.4859
HChiang@welchcon.com

### PROFESSIONAL EXPERIENCE (continued)

Instructor, Economic Statistics
**University of Maryland**
2001

Teaching Assistant
Introductory Macroeconomics
**University of Maryland**
2000

Analyst
**Bank of Korea**
1992-1993, 1995 – 1999

## Selected Casework (continued)

**Expert, Breach of Written Contract:** Single plaintiff claims of failure of the defendant to send payments for medical services provided during the contract period to the plaintiff, for whom the defendant was employed.  Reviewed and criticized opposing expert's estimation of payments for services rendered during the contract period.  Provided deposition and arbitration testimony.

**Expert, Wage & Hours:** Class action claims of underpayment of overtime for a class of individuals at a service firm in California.  Estimated daily and weekly overtime hours worked and overtime premiums.  Extrapolated to estimate overtime hours worked and overtime premiums for the pay periods without daily timesheets.  Provided deposition testimony.

**Expert, Wage & Hours:** Class action claims of meal break violations for a class of employees at a large retailer in California.  Analyzed commonality/variability of meal break compliance pattern using the timekeeping data.  Provided an expert report.

**Expert, Wage & Hours:** Class action claims of underpayment of overtime under FLSA involving California city fire department.  Analyzed the hours records and calculated the underpayment and overpayment of overtime.  Prepared an expert report.

**Consultant, Trade Secrets:** Claims of theft of trade secrets and breach of contract involving two financial services companies and key officers.  Estimated damages due to trade secrets theft, data breach, to delay of government approval process, and reputation loss.

**Consultant, Wage & Hours:** Class action claims of short shifts among the employees on alternative work schedule of three 12 hour days per week in several California hospitals.  Studied frequency of short shifts and a potential correlation with patient counts.

**Consultant, Wage & Hours**: Class action claims of meal period violations and rounded time for a class of employees at a large senior living company.  Studied variations in potential meal period violations and lost time due to rounding.

**Consultant, Wage & Hours:** Class action claims of unpaid overtime for a class of employees at a large firm in the financial services industry. Estimated potential overtime hours and damages under various assumptions and prepared damage estimates for use in settlement negotiations

**Consultant, Wage & Hours:** Several class action claims of unpaid straight time and overtime for a class of employees at large firms in various services industries. Estimated potential unpaid hours and damages.  Analyzed a systematic pattern of hours records. Provided mediation support and assisted with settlement administration.



**WELCH CONSULTING**
12424 Wilshire Boulevard, Suite 600
Los Angeles, California 90025
310.260.4859
HChiang@welchcon.com

# Hyowook Chiang, Ph.D.

## Selected Casework (continued)

**Consultant, Wage & Hours:** Several class action claims of meal and rest break violations for a class of employees at large firms in various services industries. Estimated potential meal violation counts and damages. Provided mediation support and assisted with settlement administration.

**Consultant, Wage & Hours:** Several class action suits involving claims of misclassified employees at large firms in software, financial, retail, and service industries. Analyzed timekeeping databases and survey data to estimate average weekly overtime. Generated exposure analyses for FLSA and state-specific damages. Provided mediation support, and assistance with settlement administration.

**Consultant, Wage & Hours:** Class action suits involving claims of mileage reimbursement at a newspaper company. Examined the detailed delivery data to determine stability of routes in terms of composition of subscribers and estimated exposure.

**Consultant, Wage & Hours:** Class action suits involving unpaid hours for employees who were in piece-rate (or flag hour) compensation system. Estimated exposure.

**Consultant, Wage & Hours:** Class action suits involving claims of unpaid donning and doffing time in a hospital. Estimated distribution of potential time for donning and doffing and exposure.

**Consultant, Wage & Hours:** Class action suits involving claims of off-the-clock donning and doffing in a food processing company. Estimated distribution of potential time for donning and doffing and exposure.

**Consultant, Wage & Hours:** Class action suits involving claims of unpaid overtime for a class of employees who work nine hours for eight days and eight hours for one day for a two week period for a county irrigation department. Estimated potential exposure.

**Consultant, Wage & Hours:** Class action suits involving claims of unpaid minimum wage for a time driving employer's vehicle and standby time for a class of employees at a county irrigation department. Estimated potential exposure.

**Consultant, Discrimination:** Class action claims of gender discrimination in the promotion and pay practices at a large nationwide retail company. Constructed a combined employment history data and performed statistical analyses of pay and promotion for non-exempt and exempt employees by gender and performed critique of the report by the plaintiffs' experts.

**Consultant, Discrimination:** Annual audits on performance evaluations of the management-level employees at a large nationwide retail company. Analyzed the evaluations data and performed statistical analyses of rating by gender and race.



WELCH CONSULTING
12424 Wilshire Boulevard, Suite 600
Los Angeles, California 90025
310.260.4859
HChiang@welchcon.com

# Hyowook Chiang, Ph.D.

## Selected Casework (continued)

**Consultant, Discrimination:** Audit on compensation of the high-level executive management at a large nationwide retail company. Analyzed the compensation data and performed statistical analyses of compensation by gender and race.

**Consultant, Discrimination:** Class action allegations of gender discrimination in a range of business practices at a large software company. Performed statistical analyses of pay and promotions by gender.

**Consultant, Discrimination:** Class action claims of gender discrimination in total compensation at large investment banks. Performed statistical analyses of compensation by gender.

**Consultant, Discrimination:** Allegations of age discrimination in layoffs at a large retail company. Performed statistical analyses of layoffs by age.

**Consultant, Discrimination:** Claims of discrimination and disparate impact on employees over 40 regarding layoffs at a research lab. Performed statistical analyses of selections by age group.

**Consultant, Discrimination:** Age discrimination allegations in terminations at a large restaurant chain. Performed statistical analyses of involuntary terminations by age.

**Consultant, Discrimination:** Allegations of race discrimination in termination at a city fire department. Performed statistical analyses of terminations by race.

**Consultant, Discrimination:** Allegations of race discrimination in pay at a large manufacturing company. Performed statistical analyses of compensation by race.

**Consultant, Pay Equity:** Semi-annual audits on compensation and performance evaluations of the employees at a large nationwide professional service company. Analyzed the compensation and evaluations data and performed statistical analyses by gender and race.

**Consultant, Pay Equity:** Pay equity analysis of salaried and hourly employees at a large nationwide media company. Analyzed the compensation data and performed statistical analyses by gender and race.

**Consultant, Pay Equity:** Pay equity analysis of salaried employees at a nationwide firm in legal industry. Analyzed the compensation data and performed statistical analyses by gender.



# Hyowook Chiang, Ph.D.

**WELCH CONSULTING**
12424 Wilshire Boulevard, Suite 600
Los Angeles, California 90025
310.260.4859
HChiang@welchcon.com

## Selected Publications

How You Might Be Overpaying Your Employees
*www.Law360.com*, New York, September 15, 2016.

New Minimum Wage Affects More Than Low Wage Employees
*www.Law360.com*, New York, March 27, 2014.

It's Not The End Of The Piece Rate Pay System In California
*www.Law360.com*, New York, February 11, 2014.

Economic Analysis in Labor and Employment Litigation (in Korean)
*Korean Economic Forum by Korean Economic Association,* January 2013.

**ABOUT WELCH CONSULTING**

Welch Consulting has more than 30 years experience assisting clients of every size in matters involving employment issues and complex business litigation across a broad spectrum of industries and public sector entities. Our track record in producing rigorous analyses meeting the highest standards of acccuracy, clarity and punctuality makes Welch Consulting a consistent choice for industry leading companies and the nation's preeminent law firms.

Welch Consulting has offices in Los Angeles, Texas and Washington DC.

For more information about our professionals and services visit us online at www.welchcon.com

**EXHIBIT 2**
**LIST OF CASES INVOLVING HYOWOOK CHIANG'S TRIAL AND/OR DEPOSITION TESTIMONY**
**2002 TO PRESENT**

| TYPE | DATE | CASE | CASE NO. | COURT |
|---|---|---|---|---|
| Deposition | 9/25/2019 | Sonia Gonzalez v. Whittier College | BC691295 | Superior Court of the State of California for the County of Los Angeles |
| Arbitration | 8/20/2018 | Nazanin Tehrani v. Macy's West Stores, Inc. (Phase 2) | 01-17-0004-2503 | American Arbitration Association |
| Arbitration | 6/13/2018 | Bryant Rubber Corporation v. Jeffer Mangels Butler & Mitchell, LLP, et al. | 1210033014 | JAMS |
| Deposition | 6/6/2018 | Bryant Rubber Corporation v. Jeffer Mangels Butler & Mitchell, LLP, et al. | 1210033014 | JAMS |
| Trial | 2/14/2018 | Francisca Fujimoto v. Flora Renea Moore, et al. | 37-2016-00016248-CU-PA-CTL | Superior Court of California; County of San Diego, Hall of Justice |
| Deposition | 9/21/2017 | Francisca Fujimoto v. Flora Renea Moore, et al. | 37-2016-00016248-CU-PA-CTL | Superior Court of California; County of San Diego, Hall of Justice |
| Deposition | 5/10/2017 | Phillip Flores, et al. v. Velocity Express, LLC, et al. | 3:12-cv-05790-JST | United States District Court; Northern District of California, San Francisco Division |
| Trial | 1/30/2014 | California Hand Center, Inc. v. J. Timothy Katzen, et al. | 13-1886-JWH | Superior Court of California; County of Los Angeles |
| Deposition | 1/23/2014 | California Hand Center, Inc. v. J. Timothy Katzen, et al. | 13-1886-JWH | Superior Court of California; County of Los Angeles |
| Deposition | 11/25/2013 | Mariana Labastida, et al. v. McNeil Technologies, Inc. (Matter #84381) | 37-2007-00074518-CU-OE-CTL | Superior Court of the State of California In and For the County of San Diego |