Mark L. Javitch (CA SBN 323729)
Javitch Law Office
480 S. Ellsworth Ave
San Mateo, CA 94401
Telephone: 650-781-8000
Facsimile: 650-648-0705
mark@javitchlawoffice.com
*Attorney for Plaintiff*
And those similarly situated


**LEWIS BRISBOIS BISGAARD & SMITH** LLP

PAMELA M. FERGUSON, SB# 202587
 E-Mail: Pamela.Ferguson@lewisbrisbois.com
AMY L. PIERCE, SB# 210539
 E-Mail: Amy. Pierce@lewisbrisbois.com
STEPHEN H. TURNER, SB# 89627s
 E-Mail: Stephen.Turner@lewisbrisbois.com
DANIELLE E. STIERNA, SB# 317156
 E-Mail: Danielle.Stierna@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone:   415.362.2580
Facsimile:   415.434.0882
Attorneys for Defendant,
CONCENTRA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE PASCAL, individually, and on behalf of all those similarly situated<br><br>      Plaintiff,<br><br>v.<br><br>CONCENTRA, INC.<br><br>      Defendant | Case No.:  3:19-cv-02559-JCS<br><br>JOINT CASE MANAGEMENT STATEMENT |

Pursuant to Local Rule 16-9, this Court's Case Management Scheduling Order (Dkt. 25), the Standing Order for Civil Cases in front of Hon. Joseph C. Spero, the Standing Order for All Judges of the Northern District of California re Contents of Joint Case Management Statement, Plaintiff LAWRENCE PASCAL ("Plaintiff") and Defendant CONCENTRA, INC. ("Concentra" or "Defendant") (collectively, the "Parties") submit this Joint Case Management Statement in advance of the February 26, 2021 Case Management Conference.

## 1.    JURISDICTION AND SERVICE

Plaintiff:

This Court has federal subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The Court has specific personal jurisdiction over Defendant because the acts giving to rise to Plaintiff's claims occurred in this state.

Defendant:

In addition to the arguments previously raised in its Motion to Dismiss and Strike, Defendant is currently unaware of any issues relating to personal jurisdiction or venue. However, the U.S. Supreme Court recently ruled that the TCPA's favored treatment of certain speech over other speech is unconstitutional in that it has a content-based restriction in violation of the First Amendment, severing the unconstitutional text. *Barr v. Am. Ass'n Political Consultants*, 140 S. Ct. 2335 (2020) ("*AAPC*"). Since the *AAPC* decision, various District Courts across the country have held that 47 U.S.C. § 227(b)(1)(A)(iii) was unconstitutional between 2015 and 2020 and, therefore, they are without authority to enforce it for this time period. *Creasy v. Charter Communs., Inc.*, No. 20-1199, 2020 U.S. Dist. LEXIS 177798, *1-5, 20-21 (E.D. La. Sep. 28, 2020) ("An unconstitutional statute being 'as no law,' the Court may not enforce the pre-*AAPC* version of § 227(b)(1)(A)(iii) against Charter here."); *Lindenbaum v. Realgy*, No. 1:19 CV 2862, 2020 U.S. Dist. LEXIS 201572, *19-20 (N.D. Ohio Oct. 29, 2020) (founding that violations of the

TCPA occurring between 2015 and July 2020 cannot be enforced because the law was unconstitutional at the time); *Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc.*, No. 5:20-cv-38-Oc-30PRL, 2020 U.S. Dist. LEXIS 236577, *7-9 (M.D. Fla. Dec. 11, 2020) ("Because the Court is without authority to enforce an unconstitutional statute, the Court lacks subject matter jurisdiction over this action."). Other District Courts have declined to reach the same conclusion. *See McCurley v. Royal Sea Cruises, Inc.*, No. 17-cv-00986-BAS-AGS, 2021 U.S. Dist. LEXIS 16403, *10 (S.D. Cal. Jan. 28, 2021). The *AAPC* decision brings into question this Court's jurisdiction over this action.

## 2.   FACTS

Plaintiff:

Plaintiff brings this class action on behalf of himself and all others similarly situated to address Concentra's practice of sending people unsolicited text messages without their prior express consent. Among other sources, Concentra purchased lists of phone numbers to be called from third parties, such as Healthy Recruiting Tools. Concentra sent Plaintiff and the other Class members text messages using an automatic telephone dialing system ("ATDS") without their consent. Concentra initially used a third-party platform named Textedly to send text messages, but Concentra now uses a different service called Text Recruit.

Defendant:

Concentra denies that it engages in the practice of sending people text messages without the called party's requisite consent and, therefore, it denies liability as to Plaintiff's class action complaint. Concentra has a robust recruiting program through which it collects from recruits the requisite consent to be called and texted about employment opportunities. Recruits provide Concentra with the requisite consent by voluntarily providing their contact information when they apply for employment directly and indirectly through third-party providers. *See, e.g., Olney v. Job.com., Inc*, No 1:12-cv-01724-LJO-SKO, 2014 U.S. Dist. LEXIS 60843, *4-6, 14-23 (E.D. Cal. May 1, 2014) (Plaintiff registered an account with

3

Job.com via Resume-Now's website.) (citing *Baird v. Sabre, Inc*., 995 F. Supp. 2d 1100 (C.D. Cal. 2014)). Under the TCPA, for employment related texts, only prior express consent is required, not prior express written consent, which is required for telemarketing calls and texts. *See* 47 U.S.C. § 227(b)(1)(A)(iii); *Reardon v. Uber Techs., Inc.*, 115 F. Supp. 3d 1090, 1096-97 (N.D. Cal. 2015); *Lutz Appellate Servs., Inc. v. Curry*, 859 F. Supp. 180, 181-82 (E.D. Pa. 1994); *Friedman v. Torchmark Corp.,* 12-CV02837-IEG (BGS), 2013 WL 1629084, at *4 (S.D. Cal. Apr. 16, 2013); *Orea v. Nielsen Audio, Inc.*, No. 14-cv-04235-JCS, 2015 U.S. Dist. LEXIS 54916 (N.D. Cal. Apr. 24, 2015). The Ninth Circuit, in *Van Patten v. Vertical Fitness Group*, LLC, 847 F. 3d 1037 (9th Cir. 2017), confirmed the prior express consent standard applicable here.

As shown by business records collected by Plaintiff in discovery from Concentra and a third party, Plaintiff's spouse, Shani Pascal, a California-licensed physical therapist, submitted a resume confirming her interest in positions with Concentra's parent company, Select Medical.  Concentra received an updated phone number for Shani Pascal and sent a text about an employment opportunity with Concentra to the updated number. The text therefore was not unsolicited. And because it was an employment related text message, only prior express consent was required to send the text, as explained above. Plaintiff disputes that his spouse has joint control over this mobile number, a number that he claims is his mobile number.

As shown by business records collected by Plaintiff in discovery from Concentra and third parties, and other public information available about Concentra and the third-party service providers, Concentra routinely collects recruits' consent to receive calls and texts about employment opportunities, belying the premise of Plaintiff's class action complaint that *all* individuals who received a text from Concentra have Article III standing and a TCPA claim.

As shown by business records collected by Plaintiff in discovery from Concentra and third parties, and other public information available about Concentra and the third-party service providers, every text

4

message sent by Concentra required human intervention, belying that the systems used by Concentra are, in any case, an ATDS, as required for a TCPA claim.

### 3.   LEGAL ISSUES

<u>Plaintiff:</u>

a)   Whether Defendant violated the TCPA under 47 U.S.C. § 227(b)(1)(A)(iii);

b)   Whether the violations were knowing and/or willful under 47 U.S.C. § 227(b)(3)(C);

c)   Whether Defendant had obtained prior express written consent from Plaintiff and putative class members prior to sending text messages;

d)   Whether Plaintiff and class members are entitled to up to $1,500 per violation based on the knowing or willfulness of Defendant's conduct under 47 U.S.C. § 227(b)(3)(C);

e)   Whether this case should be certified as a class action under Fed. R. Civ. P. 23;

f)   Whether Plaintiff and putative class members are entitled to declaratory relief;

g)   Whether Defendant should be enjoined from engaging in such conduct in the future.

<u>Defendant:</u>

Concentra adds the following legal issues:

a)      Whether Concentra collected the requisite consent from recruits for text messages when the recruits voluntarily provided their contact information to Concentra both directly and indirectly through third-party service providers. *See, e.g., Olney*, 2014 U.S. Dist. LEXIS 60843, *4-6, 14-23 (citing *Baird* ).

b)      Whether only prior express consent was required for Concentra's employment-related texts sent to recruits. *See* 47 U.S.C. § 227(b)(1)(A)(iii); *Reardon,* 115 F. Supp. 3d at 1096-97;  *Curry*, 859 F. Supp. at 181-82; *Friedman*, 2013 WL 1629084, at *4; *Orea*, 2015 U.S. Dist. LEXIS 549. *See also Van Patten*

c)      Whether Plaintiff has Article III standing;

d)      Whether Plaintiff is an adequate class representative;

e)      Whether Plaintiff's spouse, Shani Pascal, jointly controlled the at-issue mobile number;

f)      Whether Plaintiff's counsel can adequately represent a class;

g)      Whether there is numerosity given how Concentra collects consent from recruits;

h)      Whether Plaintiff is typical of the class;

i)      Whether there is commonality given how Concentra collects consent from recruits;

j)      Whether class analysis will devolve into individualized inquiries relating to consent given how Concentra collects consent from recruits;

k)      Whether an ATDS was used;

l)      Whether Concentra acted with intent in sending any text messages;

m)     Whether a class action is the appropriate vehicle for any claims against Concentra;

n)      Whether Plaintiff has prudential standing and falls within the TCPA's "zone of interests."

**4.      MOTIONS**

There are no motions currently pending.

<u>Plaintiff:</u>

Plaintiff plans to file a motion for class certification after discovery is completed.

<u>Defendant:</u>

Concentra will oppose Plaintiff's motion for class certification;

Concentra anticipates filing a motion challenging Plaintiff's experts and their expert reports, and a motion for summary judgment; and

Concentra will oppose any motion filed by Plaintiff made in an effort to circumvent the consent protocol in the Court's November 2, 2020 order (Dkt. 90).

Given the recent *AAPC* decision, the Court may consider requiring briefing on the question of this Court's jurisdiction over this action.

**5.   AMENDMENTS**

Plaintiff:

Plaintiff does not seek to amend at this time.

Defendant:

Concentra anticipates that it would oppose any request by Plaintiff to amend the operative complaint.

**6.   EVIDENCE PRESERVATION**

Plaintiff:

There are no known issues with evidence preservation.

Defendant:

There are no known issues with evidence preservation.

**7.   DISCLOSURES**

Plaintiff served his Rule 26(a) initial disclosures on February 20, 2020.

Defendant:

Defendant served its Rule 26(a) initial disclosures on February 25, 2020.

**8.   DISCOVERY**

Plaintiff:

As of February 12, 2021, Defendant stated that it has produced 298 of the 300 purported consent records of randomly selected phone numbers to which Defendant sent text messages, pursuant to protocol in the Court's November 2, 2020 order (Dkt. 90). However, Defendant recently informed Plaintiff that Defendant seeks to supplement its purported consent records using another source of information that it recently found. After Defendant makes its supplemental production, Plaintiff must consult with his experts to determine if additional sampling is needed.

1    Plaintiff intends to take the depositions of Concentra's officers, employees, agents, or

2    representatives, including Amanda Glazer, Rebecca McMullen, Sean Jernigan, and a Concentra corporate

3    representative on the following topics: 1) Concentra's use of Textedly, Text Recruit, and any other

4    programs used to send text messages, 2) how Concentra obtained contact information of the Class

5    members, 3) Concentra's recordkeeping practices on the text messages it sends, and 4) Concentra's

6    procedure for sending text messages with Textedly, Text Recruit, and any other platform used during the

7    relevant time period. Plaintiff took the deposition of Dr. Stephen Passmore from Healthy Recruiting.

8

9    Plaintiff retained a telecommunications expert witness to analyze the logs of text messages placed

10   and the technology used by Concentra at Text Recruit and Textedly.  Plaintiff also retained a statistician

11   expert witness to assist in the statistical sampling of Concentra's purported consent records.

12   Plaintiff's expert is going to inspect the third party Text Recruit platform. Plaintiff is finalizing

13   proposed declarations and the expert inspection protocol. In connection with Plaintiff's negotiations with

14   Text Recruit, Plaintiff seeks a declaration from a representative of Concentra attesting that the document

15   purporting to be the Text Recruit log produced to Plaintiff is in fact the complete, true, and accurate version

16   of Concentra's Text Recruit account and activities.

17

18   After a preliminary review of Concentra's purported consent records, Plaintiff believes

19   Concentra's production is insufficient.[1] One issue is that the production includes mere screenshots from

20   Concentra's internal tracking of the candidate's record. In the screenshot, a scroll bar is visible or words

21   are cut off midsentence, indicating additional content exists, but Concentra has failed to include additional

22   screenshots to show what the off-screen information contains. As a result, Plaintiff is not receiving the

23   true and accurate record as it appears in Concentra's systems, but an excerpted, incomplete version. In

24   addition, there is no communication from the candidates, only a notation from Concentra's system. For

25

26

27

28   _____

[1] Plaintiff will email the two records discussed here to the Court because they were marked confidential.

instance, in Sample Number 248, where Concentra claimed the candidate contacted Concentra by applying for a job Concentra posted on Indeed.com, Concentra only provided screenshots referencing Indeed.com, but did not provide the actual job application, any messages from the candidate, or any documents showing the candidate's purported consent to receive text messages. If any other documents exist, Concentra should produce them, as they appear in Concentra's system.

In many cases, Concentra also failed to provide any provenance for the phone number that was texted. For instance, Plaintiff learned by deposing a representative of Healthy Recruiting that Concentra purchased lists of thousands of phone numbers at a time that were scraped from public licensure data sources. This is a category of recipients that never provided consent, as Healthy Recruiting scraped publicly available data and provided it to Concentra who texted these people out of the blue. In many cases, Concentra failed to indicate how it acquired the phone number to which it sent a text message. For instance, Sample Number 246 was texted as part of two mass texting campaigns, and instead of providing the record of consent or the list where Concentra obtained the phone number, Concentra produced records stating that "1. Company Directory Screenshot – This is a colleague of 23+ years and the phone number text is a work cell and does not appear in the payroll file. 2. Company directory screenshot summary – showing the number belongs to a current colleague."

Concentra's production is also missing the channels and subchannels Concentra said it had. The Court ordered Concentra to "provide a supplemental response to Plaintiff's interrogatories stating that the list of channels through which it receives consent that it has identified in its interrogatory responses is substantially complete." *See* Dkt. No. 87. In response, Concentra identified a list of 4 channels, 15 subchannels, and 104 sources. The subchannels are the purported types of consent that range from submission on Defendant's website to outside recruiters. However, Defendant entirely omitted these designations from its production. Plaintiff's expert needs to opine on whether Concentra obtained prior

express consent for each channel and subchannel, and the expert needs to know whether the sample includes enough data from each channel and subchannel to make it a statistically significant sample.

Finally, Concentra has included a document with each sample number stating: "This list is not evidence or a business record but is provided here to give high-level identification of the documents produced as consent evidence for this phone number." Concentra should clarify what it means by this statement, as it is unclear whether Concentra is referring to the page that contains the list or all the supposed consent records is has produced and is producing.

<u>Defendant:</u>

Starting in early December 2020, Concentra employees searched for and collected consent evidence for the 300 randomly selected phone numbers pursuant to protocol in the Court's November 2, 2020 order (Dkt. 90). As of February 12, 2021, Concentra produced consent evidence records for 298 of the 300 sample phone numbers, leaving two numbers outstanding. Concentra's efforts with respect to the two remaining numbers is ongoing. Concentra recently discovered another source of archived business records from an acquired entity, some of which it has started searching through and some of which it is working with an outside vendor to regain access to certain records systems. Concentra will produce any supplemental consent evidence discovered as part of this continuing review effort. Otherwise, as requested by the Court, in its last production of consent evidence on Friday, February 12, 2021, Concentra confirmed to Plaintiff that its production of consent evidence for the 300 phone number sample set is substantially complete.

For each of the 300 randomly selected numbers, Concentra's employees collected Concentra's business records and screenshots of its electronic records (*e.g.*, screenshots of its iCIMS and other electronic records), and counsel prepared for production the "consent evidence" package for each number, redacting the recruit's and other individual's personal identification information and the financial terms in certain agreements. For each consent evidence package, Concentra provided a cover page with a "list"

of the documents for that phone number with a brief description to provide identification of the documents, *e.g.*, "iCIMS Source screenshot" (Sample Phone #248). Concentra confirmed on the cover page that "This list is not evidence or a business record but is provided here to give high-level identification of the documents produced as consent evidence for this phone number." The cover page or list itself is not a "business record" and it is not evidence and was not bates stamped, but, rather, it was intended to assist Plaintiff in his assessment of the documents.

As explained to Plaintiff's counsel and the Court, Concentra's main applicant tracking database, iCIMS, includes, among other things, electronic profiles of recruits and information about Concentra's interactions with recruits. Capturing the relevant and responsive consent evidence, in many cases, involved Concentra providing Plaintiff with a screenshot reflecting Concentra's electronic records related to the sample number. Plaintiff complains that "In the screenshot, a scroll bar is visible or words are cut off midsentence, indicating additional content exists, but Concentra has failed to include additional screenshots to show what the off-screen information contains." Plaintiff cites to Sample Number 248. The screenshots show a progression through Concentra's iCIMS, confirming that the recruit responded to a Concentra job posting using "Indeed Apply" hosted by "Indeed" (www.Indeed.com) for employment (Concentra 00612), and Concentra responded with a formal application request directing the recruit to fill out an "online application" (Concentra 00613). The last document that is appended is the recruit's resume, which Concentra obtained from the recruit through the online application process, as explained in Indeed's Terms and Privacy Policy. It is readily apparent from the images themselves that Concentra is not withholding relevant "content."

Remarkably, during the December 2020 meet and confer teleconference, Concentra's counsel invited questions and concerns about its approach for the consent evidence packages and Plaintiff's counsel failed to identify any issues. Nor were any issues raised during the January 15, 2021 Case Management Conference. Instead, Plaintiff waited until Concentra had completed all of the numbers to

complain in this Joint Case Management Conference Statement about Concentra's efficient and practical approach to presenting its electronic records. Plaintiff has had sample consent evidence packages since December 2020 and the two specific ones complained of since January 8, 2020. Concentra produced documents on a rolling basis, and Plaintiff's criticisms are purportedly based upon "a preliminary review of Concentra's purported consent records." Concentra notes there were iCIMS screenshots for other Sample Phone Numbers that did have a full screen of the same field in iCIMS Plaintiff complains is missing in Sample Phone Number 248. (Sample Phone #182 (CONCENTRA 00442-44)[2].  Plaintiff has not identified any information in these that would be relevant or of any use to him.  Otherwise, Plaintiff also ignores that, many months ago, in discovery, Concentra produced a complete set of screen shots relating to Plaintiff's spouse, Shani Pascal, without redactions as requested reflecting the layout of the iCIMS platform and the contextual information that Plaintiff now claims is missing. (CONCENTRA 00332-56). If there are specific examples of screenshots that concern Plaintiff for which he can articulate a legitimate need for additional information that would justify requiring Concentra to redo work, Concentra will work to provide Plaintiff with additional information.

As it has repeatedly explained, Concentra collects phone numbers directly or indirectly from prospective employees or from business partners or service providers that it believes have obtained the requisite consent for Concentra to call the prospective employee or otherwise invited prospective employers to call the prospective employee. As we explained to Plaintiff's counsel during our meet and confer teleconference to discuss the sample consent evidence packages, the "provenance" for the number is reflected in the documents included in the consent evidence package. Plaintiff singles out Sample Number 246, complaining that Concentra did not provide evidence of where it obtained its 23+ years employee's mobile number. Concentra produced a copy of its electronic business records confirming that

---

[2] This record will be emailed to the Court as well because it is marked confidential.

the 246th mobile number on the list belongs to a current employee who, as the class is defined, is therefore not a putative class member. *See* SAC ¶ 21. Plaintiff's theory apparently is that it is reasonable to require Concentra to dig through 23+ years of records to figure out when the mobile number was provided, (*e.g.*, orally, in a resume, as part of the employment intake process, or when the employee acquired the number at some point over the last 23 years and updated their contact information with Concentra) regardless of the fact that this individual is not a member of the putative class.

Concentra did not "omit" channel and subchannel designations from its production. As Plaintiff notes, the Court ordered Concentra to "provide a supplemental response to Plaintiff's interrogatories stating that the list of channels through which it receives consent that it has identified in its interrogatory responses is substantially complete" (*see* Dkt. No. 87) and Plaintiff concedes that, "[i]n response, Concentra identified a list of 4 channels, 15 subchannels, and 104 sources." As Concentra explained to Plaintiff, Concentra produced the consent evidence and Plaintiff and his expert can discern from the evidence itself the channel and subchannel. For example, Sample Number 248's consent evidence confirms that the "Source Channel" is "Indeed Apply" and "Source" is "Indeed" (www.Indeed.com) (Concentra 00612). Concentra is not required to prepare Plaintiff's case for him when the evidence is readily available to him. Concentra produced evidence. Plaintiff may now analyze it. Moreover, if Plaintiff makes the channel and subchannel designation, he cannot complain to Concentra and the Court that he would have designated it differently.

Concentra understands and believes that Plaintiff has been able to collect the requisite information about the two purported ATDSs used by Concentra directly from and through Textedly and Text Recruit, or indirectly by perusing their publicly available websites. Related to this effort, Plaintiff requested a declaration from a representative of Concentra attesting to the TextRecruit electronic records that Concentra produced in response to the Court's August 28, 2020 (Dkt. 87) and November 2, 2020 (Dkt. 90) orders. The August 28, 2020 Order required "Concentra shall produce a log of all text messages sent

to members of the class during the class period by Text Recruit." (Dkt. 87).  It also required Concentra to produce "subscribed/unsubscribed lists…" The November 2, 2020 Order required Concentra to work with TextRecruit and Plaintiff to include information for Plaintiff to determine the sender's phone number as part of the SMS log. (Dkt. 90).  In response to Plaintiff's request that Concentra provide a declaration as to these records but not any others it has produced, Concentra has proposed that the parties stipulate to the foundation and authenticity for Concentra's business and electronic records produced in discovery. Otherwise, Concentra does not understand Plaintiff's request for a declaration relating to a single report of Concentra's electronic records.

Concentra intends to take the depositions of Plaintiff, Shani Pascal and Plaintiff's experts.

Concentra has retained a statistician to assist with the consent evidence protocol and to rebut Plaintiff's statistician's recommendations and any report, if it becomes necessary, and a telecommunications expert witness to analyze whether the systems used by Concentra are an ATDS, as that term is defined in the TCPA, and to rebut Plaintiff's telecommunications expert witness's report, if it becomes necessary.

**9.     CLASS ACTION**

<u>Plaintiff:</u>

This case is a TCPA action that satisfies the requirements of Rule 23.  L.R. 16-9(a) requires the following information for class actions:

a. Plaintiff seeks to represent a class action under Rule 23(b)(2) and 23(b)(3) because issues common to all class members predominate and the party opposing the class has acted or refused to act on grounds that apply to the class generally.

b. Plaintiff seeks to represent the following amended class definition as described below:

All persons in the United States who: (1) from May 13, 2015 to the present; (2) received at least one text message; (3) on his or her cellular telephone; (4) that was

sent using an automatic telephone dialing system; (5) by or on behalf of Concentra, Inc.

Plaintiff may need to amend his class definition as discovery progresses.  The class definition alleged in the complaint is not necessarily controlling.  *See Schorsh v. Hewlett-Packard*, 417 F.3d. 748 (7th Cir. 2005) ("litigants and judges regularly modify class definitions.").  Discovery will help Plaintiff narrow the class definition to ensure that common issues will predominate, if necessary.

c.   The case is suitable for treatment as a class action under the factors in Rule 23(a) because:

(1)  Numerosity:

The class size is estimated to be at least 3,624 text recipients. The number of people who compose the class is so numerous that individual joinder is impracticable.  Fed. R. Civ. P. 23(a)(1).

(2)  Commonality:

This case involves common issues of fact and law and it would be superior to adjudicate on a classwide basis.  The common facts are that this dispute arises out of the text messages sent by Concentra *vis a vis* each and every class member.  The common issues of law are described above in Section 3 ("Legal Issues").  Fed. R. Civ. P. 23(a)(2).

(3)  Typicality:

The claims of Plaintiff are typical of the class and arise out of the TCPA violations committed by Defendant. Fed. R. Civ. P. 23(a)(3).

(4)  Adequacy:

Plaintiff and his counsel will fairly and adequately protect the interests of the class.  Plaintiff vigorously pursues a class resolution that will grant all class members the same relief. The parties recently stipulated to extend the deadlines for class certification as follows:

(1)   Plaintiff's Expert Discovery on Class Certification: 3/15/2021.

(2)   Defendant's Expert Discovery on Class Certification: 4/15/2021.

15

(3)     Plaintiff's Expert Rebuttal on Class Certification: 5/3/2021.

(4)     Close of Expert Discovery on 8/14/2021.

(5)     Motion for Class Certification due by 5/3/2021.

(6)     Response to Motion for Class Certification due by 6/4/2021.

(7)     Reply to Motion for Class Certification due by 6/18/2021.

(8)     Motion for Class Certification Hearing set for 7/23/2021 at 9:30 a.m.

<u>Defendant:</u>

Defendant denies that class treatment is proper under any theory because, at worst, the text to Plaintiff was a one-off wrong number text because of Concentra's practice of collecting mobile numbers directly from recruits or through channels used by recruits to solicit calls and texts about employment opportunities. Concentra texted the at-issue mobile number to alert Plaintiff's spouse, Shani Pascal, of an employment opportunity for a California-licensed physical therapist, after Shani Pascal had affirmatively shown interest in receiving calls and texts from Concentra about such employment opportunities by applying for a position with Concentra's parent company. Concentra denies that there are numerous people similarly situated to Plaintiff, warranting a class action.

As Concentra has explained in detail to Plaintiff, and to this Court, Concentra understands and believes that there is no commonality or predominance across Plaintiff and the putative class members given how Concentra collects prior express consent, necessarily devolving into a case-by-case inquiry to identify putative class members. This explanation detailed the channels, subchannels and sources of consent that will need to be analyzed to determine whether a particular individual has Article III standing and can state a claim against Concentra, and whether Concentra will prevail with its affirmative defense of consent. The consent evidence packages Concentra has produced to Plaintiff confirm the lack of commonality and predominance with respect to the issue of consent.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Concentra further believes that Plaintiff is not a typical representative because he is subject to unique defenses that will become the focal point of this case, *i.e.*, the text to Plaintiff's spouse, Shani Pascal, which was sent to Plaintiff's purported mobile number, is at worst a wrong number text. In addition, when the text was received, Plaintiff immediately called his brother-in-law, Mr. Javitch, and immediately commenced this class action. Concentra believes that Plaintiff is a professional TCPA plaintiff and does not represent the interests of recruits who invite and welcome calls and texts to their mobile numbers about employment opportunities.

Concentra further believes that Plaintiff's counsel will not adequately represent the class because of unique defenses to their representation of Plaintiff and the putative class, including, but not limited to the familial relationship with Plaintiff and efforts to exclude Shani Pascal from the litigation even though they were aware that she applied for a job posted by Concentra's parent company and thus provided Concentra with her mobile number inviting calls and texts for employment, *i.e.*, Concentra's text was not an unwelcome intrusion.

**10.    RELATED CASES**

<u>Plaintiff:</u>

There are no known cases related to this matter currently pending.

<u>Defendant:</u>

Defendant is not aware of related cases. There is at least one pending FCC proceeding that may affect this case involving the definition of what constitutes an ATDS and a case pending before the U.S. Supreme Court also involving the definition of an ATDS that may be relevant to this litigation.  The Supreme Court case is *Facebook, Inc. v. Duguid*, Case No. 19-511.  The Supreme Court heard oral argument on December 8, 2020.

**11.    RELIEF**

<u>Plaintiff:</u>

17

Plaintiff and the Class seek statutory damages of $1,500 for each text message sent by Defendant to cellular phones without prior express consent, pursuant to 47 U.S.C. § 227(b)(3)(C). Further, Plaintiff and the Class seek to enjoin Defendant from sending text messages using an ATDS without prior express consent.

Defendant:

Defendant denies that Plaintiff or any class is entitled to damages. In the event damages need to be calculated, damages should be calculated based on the TCPA and limits imposed by the U.S. Constitution.

**12.   SETTLEMENT AND ADR**

The Parties have not recently engaged in settlement discussions. Plaintiff is willing to settle on a classwide basis. On December 4, 2019, the Parties participated in court-sponsored mediation with Mark Petersen of Farella Braun Martel LLP. Although a final resolution was not reached, it was a productive mediation and the Parties agreed to continue their settlement discussions.

At this time, Concentra is not willing to settle on a classwide basis because there is no feasible way to identify similarly situated individuals, if any such individuals exist.

**13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Pursuant to 28 U.S.C § 636(c)(1), the Parties have consented to the jurisdiction of the United States Magistrate Judge for all purposes. (Dkts. 2, 14)

**14.   OTHER REFERENCES**

None at this time.

**15.   NARROWING OF ISSUES**

The Parties believe that it is too early to narrow any of the legal issues in this action. Concentra, however, believes that there may be an opportunity to narrow the legal issue of whether Concentra had the requisite consent given the consent evidence that it is collecting and producing.

18

**16.     EXPEDITED TRIAL PROCEDURE**

The Parties do not believe this case is appropriate for handling on an expedited basis with streamlined procedures.

**17.     SCHEDULING**

The Parties agree that the trial date should be set after the motion for class certification.

**18.     TRIAL**

<u>Plaintiff:</u>

Plaintiff has demanded a jury trial.  Plaintiff anticipates the trial will last 5 days.

<u>Defendant:</u>

Defendant anticipates a trial would last 3 to 5 days.

**19.     DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

<u>Plaintiff:</u>

Plaintiff confirms that there are no other interested parties.

<u>Defendant:</u>

Defendant has filed its Certification of Interested Entities or Persons (Dkt. 54).

**20.     PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.     OTHER MATTERS**

None at this time.


Dated: February 19, 2021                          Respectfully submitted,


                                                  By:  /s/ Mark L. Javitch
                                                  Mark L. Javitch (SBN 323729)

19

Javitch Law Office
480 S. Ellsworth Ave
San Mateo CA 94401
Tel: 650-781-8000
Fax: 650-648-0705

By:  /s/ Thomas A. Zimmerman, Jr.
Thomas A. Zimmerman, Jr. (admitted *pro hac vice*)
Zimmerman Law Offices, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: 312-440-0020
Facsimile: 312-440-4180
tom@attorneyzim.com

*Attorneys for Plaintiff*
and those similarly situated

Dated: February 19, 2021                    Respectfully submitted,


LEWIS BRISBOIS BISGAARD & SMITH  LLP


By:   /s/ Danielle E. Stierna
Danielle E. Stierna
Attorneys for CONCENTRA, INC.


### Local Rule 5-1(i)(3) Attestation


Although this stipulation representing more than one electronic signature is being filed under the ECF/CM login belonging solely to Mark L. Javitch, attorney for Plaintiff, Local Rule 5-1(i)(3) permits the filer to attest that concurrence in the filing of the document has been obtained from each of the other signatories, which shall serve in lieu of their signatures on the document.

1

2

Therefore, in accordance with LR 5-1(i)(3), I hereby attest that I have received permission from each signatory shown in this document to use their e-signature for the purposes of filing this document.

3

4

DATED: February 19, 2021                              By: /s/ Mark L. Javitch

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28