**LEWIS BRISBOIS BISGAARD & SMITH LLP**
PAMELA M. FERGUSON, SB# 202587
 E-Mail: Pamela.Ferguson@lewisbrisbois.com
AMY L. PIERCE, SB# 210539
 E-Mail: Amy. Pierce@lewisbrisbois.com
DANIELLE E. STIERNA, SB# 317156
 E-Mail: Danielle.Stierna@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone:   415.362.2580
Facsimile:    415.434.0882

Attorneys for Defendant,
CONCENTRA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| LAWRENCE PASCAL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CONCENTRA, INC., et al.,<br><br>Defendant. | CASE 3:19-cv-02559-JCS<br><br>**CONCENTRA, INC.'S RESPONSE TO COURT'S ORDER FOR RESPONSE (ECF No. 122)**<br><br>Judge:    The Hon. Joseph C. Spero |

Defendant Concentra, Inc. ("Concentra") hereby responds to the Court's Order for Response directing Concentra to indicate "whether they are in agreement with Plaintiffs that the ATDS question should be decided through a summary judgment motion before the Court decides the pending class certification motion." ECF No. 122.

As confirmed in Concentra, Inc.'s Opposition to Plaintiff's Motion for Class Certification ("Opposition") (ECF No. 114), Concentra agrees that the issue of whether the Textedly text messaging platform is an "automated telephone dialing system" is ripe for resolution in light of the U.S. Supreme Court's recent decision in *Facebook, Inc. v. Duguid*, 141 S.Ct. 1163 (April 1, 2021) and the U.S. District Court, Northern District of California's more recent decision in *Hufnus v. DoNotPay, Inc.*, No. 20-cv-08701-VC, 2021 U.S. Dist. LEXIS 118325 (N.D. Cal. Jun. 24, 2021). Both courts

1  applied 47 U.S.C. § 227(a)(1) to class action complaints *at the motion to dismiss stage* and concluded
2  as a matter of law that the complaints failed because the mobile numbers texted were not from a
3  system that automatically generated them. *Duguid* at 1168, 1170; *Hufnus* at *1, 4. That both courts
4  ruled as a matter of law that an ATDS was not used without resorting to fact discovery or reliance on
5  expert opinions confirms that a time consuming and expensive Motion for Summary Judgment is
6  unnecessary.

7        As explained in Concentra's Opposition, it is Concentra's position that this Court has the
8  authority to rule on this issue pursuant to Federal Rule of Civil Procedure 12(f), 23(c)(1)(A) and
9  23(d)(1)(D) in connection with its ruling on Plaintiff's Motion for Class Certification. ECF No. 114 at
10  3-4. Plaintiff alleged four new class definitions in his Motion for Class Certification that brought this
11  issue to the forefront. ECF No. 108 at 1-2. Plaintiff will not be prejudiced by such a ruling because he
12  had the opportunity in his Motion for Class Certification and related Reply Brief to brief this issue
13  and, otherwise, Plaintiff is not permitted to contradict his admission that the Textedly text messaging
14  platform did not generate the mobile numbers texted. This ATDS analysis dovetails with the Court's
15  duty to perform a rigorous analysis to confirm that all Rule 23 prerequisites are met, including that
16  every class member has Article III standing. *See Mazza v. Am. Honda Motor Co., Inc.*, 666 F. 3d 581,
17  588 (9th Cir. 2012); *TransUnion v. Ramirez,* 2021 U.S. LEXIS 3401, *25 (Jun. 25, 2021) ("Every
18  class member must have Article III standing in order to recover individual damages."); *Olean
19  Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 993 F.3d 774, 784 (9th Cir. 2021) ("Courts
20  must resolve all factual and legal disputes relevant to class certification, even if doing so overlaps with
21  the merits.").

22        If the Court is resistant to ruling on the ATDS issue in conjunction with ruling on the Motion
23  for Class Certification, Concentra proposes that the Court consider permitting Concentra to file a
24  Motion for a Judgment on the Pleadings, with respect to Plaintiff's proposed four new class
25  definitions:

26          **Class One**: All persons who subscribed to a cellular telephone
        number contained in the Messages Tab in Concentra's Textedly Call
27          Log and whose cellular telephone number is contained on a Healthy
        Recruiting List identified in Addendum A-1.1
28

**Class Two**: All persons in Class One plus all persons who subscribed to a cellular telephone number contained in the Messages Tab in Concentra's Textedly Call Log and whose cellular telephone numbers are contained on the files of Concentra identified in Addendum A-2.

**Class Three**: All persons in Class One and Class Two plus all persons who subscribed to a cellular telephone number contained in the Messages Tab in Concentra's Textedly Call Log and whose cellular telephone numbers are contained on the files of Concentra identified in Addendum A-3.

**Class Four:** All persons who subscribed to a cellular telephone number contained in the Messages Tab in Concentra's Textedly Call Log.

ECF No. 108 at 1-2. Of course, Plaintiff would be precluded from contradicting his admissions in this Action, including, but not limited to, that Concentra uploaded or manually entered the mobile numbers into the Textedly text messaging platform that were texted. ECF No. 108 at 2-3.

If the Court believes that a Motion for Summary Judgment is necessary to resolve the ATDS question, Concentra is amenable to taking this approach before the Court rules on Plaintiff's Motion for Class Certification only if the parties agree to stipulate to all material facts necessary for this Court to conclude as a matter of law that the Textedly text messaging platform is or is not an ATDS. *See*, *e.g.*, *Duguid* at 1168, 1170; *Hufnus* at *1, 4. Concentra does not believe the parties or their experts have any factual disputes about how the Textedly platform functions. Whether Textedly's functionality qualifies it as an ATDS is a question of law.

DATED: August 11, 2021

PAMELA M. FERGUSON
AMY L. PIERCE
DANIELLE E. STIERNA
LEWIS BRISBOIS BISGAARD & SMITH LLP

By:   */s/ Amy L. Pierce*
AMY L. PIERCE
Attorneys for Defendant, CONCENTRA, INC.

